[Eagle Iron Co. v. Baugh.]

# Eagle Iron Co., *v.* Baugh.

## Action for Breach of Contract.

. (Decided June 14, 1906.   41 So. Rep. 663.)

1. *Principal and Agent; Existence of Relation.*—Evidence of the statements or admission of an agent are not admissible against · the principal for the purpose of establishing the authority of the agent, nor can such authority be established by showing that he acted as agent or claimed to have the powers he assumed, when his authority is questioned; such statements and admissions become competent only after some other evidence has been introduced tending to show such authority, or when such other· evidence has been subsequently introduced.

2. *Sales; Breach of Contract; Damages; Evidence.*—In an action for damages for the breach of a contract to purchase a certain .quantity of wood, evidence of what the seller received for the wood which the buyer in the contract refused to receive was admissible to enable the jury and court to arrive at the damages.

3. *Parties; Striking Out.*—Where the party to the contract and its agent in the purchase of the wood were jointly sued for a breach of the contract, and the evidence failed to disclose any individual liability on the part of the agent, it was proper to permit an amendment striking out the agent's name as party defendant.

4. *Pleading; Pleas in Abatement; Time for Filing.*—A suit was filed against a corporation and an individual, in the county in which the individual lived, and in which the corporation had no place of business.   During the course of the trial plaintiff amended by striking out the individual sued as party defendant and the corporation offered to file a plea in abatement.   Held, construing §§ 3271, 4205, and 4207.   Code 1896, and Rule of Circuit Court Practice, No. 12, together, that the defendant corporation was entitled to file its plea in abatement to the jurisdiction of the court.

5. *Evidence; Burden of Proof; Degree of Proof Required.*—In a civil case facts in issue need only be shown to the reasonable satisfaction of the jury.   It is not necessary to show them to a "reasonably certainty."

APPEAL from Marshall Circuit Court.
Heard before HON. W. W. HARALSON.

[Eagle Iron Co. v. Baugh.]

Action by Jack Baugh against the Eagle Iron Company. From a judgment for plaintiff, defendant appeals. This was an action by appellee against appellant for failure to take 500 cords of oak and pine wood, which appellant had contracted to take from appellee, and which appellee had tendered to defendant. The disputed question was whether or not Stewart was the agent of appellant with authority to make the contract for the purchase of the wood, and there was conflict in the testimony as to the value of the wood and of the cost of putting it on the line of railroad. The action was begun against appellant and one Stewart jointly. Stewart resided in the county in which the suit was brought, while the appellant corporation had no place of business there, but had its works and other things in Etowah county. After the testimony was in, plaintiff was allowed to amend his complaint by striking Stewart as a party defendant. The Eagle Iron Company then asked leave to file plea in abatement setting up the fact of want of jurisdiction in the court to try the cause in the absence of Stewart.

The court, at the request of the plaintiff, gave the following charge: Charge 3: "The court charges the jury that the burden of proving that H. J. Carwile delivered 425 cords of wood on the contract sued on is on the defendant, and it is not sufficient for the defendant to show merely that 425 cords of wood were sold and delivered to defendant; but it must be proven by defendant with reasonable certainty that the wood was put in on this contract, and not on some other contract." Charge 6, requested by the defendant, was the general affirmative charge.

JOHN A. LUSK, for appellant.—The declarations of one assuming to be an agent, when not of the res gestae, are not admissible to prove what was done or to prove agency.—Abbott's Trial Brief, p. 128; *Hirsch v. Oliver*, 18 S. E. 354. If McLane had been the person who made the contract with plaintiff as agent of the defendant, his statement subsequently made would not be admissible to prove that the contract was made.—20 Ala. 122;

[Eagle Iron Co. v. Baugh.]

4 Mayfield, p. 550. Admissions of an alleged agent are not competent to prove his agency nor are his declarations admissible to prove the fact of agency.—Elliott on Evidence, 252; 2 Greenleaf (16 Ed.) p. 63; Abbott's Trial Brief, p. 128; 4 Mayfield, pp. 525, 527, 550; 3 Stewart, 18; 111 Ala. 453. To render admissions or declarations of an agent admissible as evidence against or obligatory upon an alleged principal they must be contemporaneous with and explanatory of the act within the scope of the authority of such agent, and while in the execution of the agency.—4 Mayfield, pp. 527 and 549; 72 Ala. 112. What the principal did or did not do, or what the agent did or omitted to do with other and different parties than the plaintiff was not admissible.—*Bunzel v. Maas, et al.,* 116 Ala. 68; 2 So. Rep. Dig. 1003; 1 Elliott on Evidence, § 159.

Street & Isbell, for appellee.—The fact that Mc-Lane while in the office of defendant company and while attending to its business held himself out to the world as a superintendent or business manager is competent.—*Talladega Co. v. Peacock,* 67 Ala. 253; *Railroad Co. v. Davis,* 91 Ala. 615. The contract with plaintiff having been made with Stewart, it was necessary to show that Stewart was defendant's agent and the evidence offered along that line was admissible.—*Tenn. Riv. Navi. Co. v. Kavanaugh,* 101 Ala. 1; *Reynolds v. Collins,* 78 Ala. 94; *Talladega Co. v. Peacock, supra;* 1 A. & E. Ency. of Law, p. 960. It was not error to permit the name of Stewart to be stricken as party defendant nor did it work a discontinuance.—*Mock v. Walker,* 42 Ala. 668; *Fennell v. Masterson,* 43 Ala. 268.

ANDERSON, J.—"The authority of an agent, where the question of its existence is directly involved, can only be established by tracing it to its source in some word or act of the alleged principal. The agent cannot confer authority upon himself. Evidence of his own statements or admissions, therefore, is not admissible against his principal for the purpose of establishing, enlarging, or renewing his authority; nor can his authority be es-

tablished by showing that he acted as agent or that he claimed to have the powers which he assumed to exercise."—Mechem on Agency, § 100; *Galbreath v. Cole,* 61 Ala. 140; Wharton on Evidence, § 1184; *Scarbrough v. Reynolds,* 12 Ala. 252; *Postal Co. v. Lenoir,* 107 Ala. 640, 18 South. 266; *L. & N. R. R. Co. v. Hill,* 115 Ala. 334, 22 South. 163 Any declaration of the agent as to his authority would be admissible, when other evidence had been shown from which authority to do the thing may be inferred; or, if the trial court improperly admitted declarations of the agent, the error would be cured by evidence subsequently introduced from which authority might be inferred, and in case such evidence was introduced the question of authority would become one of fact for the determination of the jury.—*Birmingham R. R. Co. v. Tenn. Co.,* 127 Ala. 137, 28 South. 679. There was evidence from which the jury could infer that McClane, the superintendent, had authority to contract for and buy wood for the defendant, and to delegate the authority to others, and that Stewart was its agent, independent of the acts and declarations of McLane and Stewart. There was evidence from which it could be inferred that these men were held out as agents with authority to buy wood, and also of a ratification by the defendant of their acts. The trial court committed no reversible error upon the rulings on evidence relating to the authority of Stewart to contract for the wood. The trial court erred in not permitting the defendant to show what plaintiff got for the nine cords of wood sold by him. Plaintiff had shown, as a part of his damage, the value of this wood and the defendant's refusal to take it. If plaintiff sold it, the sum that he got for same should have been deducted from the amount of damages sustained. We need not consider the other rulings on the evidence, as they were either correct or inocuous to defendant if erroneous.

The evidence having disclosed no individual liability against Stewart upon the contract, there was no error in permitting the plaintiff to amend by striking his name out as a party defendant.

While rule 12 (page 1197 of the code of 1896) requires

that pleas in abatement must be filed within the time allowed for pleadings, and ordinarily such a plea should not be entertained at a subsequent term of court, yet the plea should have been permitted in the case at bar. The corporation was sued jointly with Stewart, and in Marshall county, where Stewart resided, and under sections 4205 and 3271 the question of venue was not open to the Eagle Iron Company so long as Stewart was a joint defendant; but, after the plaintiff eliminated Stewart from the suit, the corporation became the sole defendant, and had the right to then question the venue of the action. Section 4207 applies to suits against corporations when they are sole defendants, and does not conflict with sections 4205 and 3271 in reference to suits against two or more defendants.

Charge 3, given at the request of the plaintiff, required too high a degree of proof of the facts postulated. In civil cases facts are not required to be proved with reasonable certainty. To the reasonable satisfaction of the jury is sufficient.—*Anniston Co. v. Southern Ry. Co.*, (Ala.) 40 South. 965; *Battles v. Tallman*, 96 Ala. 403, 11 South. 247; 3 Mayfield's Dig. pp. 597-598.

There was no error in refusing charge 6, requested by the defendant.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.