AU Hotel, Ltd., and Thelma Dixon petition this Court for a writ of mandamus directing the Covington County Circuit Court to vacate an order transferring this action to Lee County. We grant the petition.
This dispute arises out of a series of negotiations and resultant agreements regarding the construction and operation of a conference center and hotel on the campus of Auburn University. The facilities began operating in 1988. AU Hotel, Ltd., operates the hotel under a sublease agreement between it and the Industrial Development Board of the City of Auburn. Auburn University operates the conference center under a sublease agreement with AU Hotel. The latter agreement required Auburn University to "use its best efforts to publicize the availability of the services provided by the hotel" in connection with its "publicizing events to be conducted at the conference center."
On December 1, 1993, AU Hotel and one of its limited partners, Thelma Dixon, a resident of Covington County, sued Auburn University and its former president, James E. Martin, a resident of Morgan County. The complaint, which named Martin in both his official and individual capacities, sought damages from Auburn University for breach of contract, and from Auburn University and Martin for, among other things, fraud and civil conspiracy, based on representations allegedly made to Dixon by Martin in Covington County regarding, among other things, projections of hotel business income. The complaint also sought "rescission of the agreements entered into between the parties" and a judgment requiring Auburn University specifically to perform the agreement to "use its best efforts to publicize the availability of the services provided by the hotel."
On December 30, 1993, the defendants moved to transfer the action to Lee County, the situs of Auburn University's principal place of business, on the ground that (1) venue was "improper" in Covington County, and, alternatively, that (2) a transfer would facilitate "the convenience of parties and witnesses," Ala. Code 1975, § 6-3-21.1. The trial court — on the ground that venue was improper in Covington County — granted the defendants' motion. Indeed, the order was "[b]ased solely upon the decision of" this Court in Ex parte Neely,653 So.2d 945 (Ala. 1995). That order is the subject of the mandamus petition before us.
 I. Improper Venue
Contending that venue in Covington County was improper, Martin and Auburn University oppose the mandamus petition on both statutory and nonstatutory grounds. The argument based on statute relates to Ala. Code 1975, § 6-3-2(b)(1) (where real estate is the "subject matter"). The other argument is based on a rule set out by this Court. We shall address the arguments in that order.
 A. Statutory Ground
Section 6-3-2(b)(1) provides: "In proceedings of an equitable nature against individuals: (1) [a]ll actions where real estate is the subject matter of the action, whether it is the exclusive subject matter of the action or not, must be commenced in the county where the same or a material portion thereof is situated." Martin and Auburn University insist that real estate, namely, the conference center and hotel, is the "subject matter of [this] action." Referring to the contractual history of the development of the hotel and citing the counts of the complaint seeking rescission or, in the alternative, specific performance of the lease, they contend that this action is "much more than simply transitory." Brief and Answerin Response to the Plaintiffs' Petition for Writ of Mandamus, at 16. Consequently, they argue, § 6-3-2(b)(1) requires the prosecution of this action in Lee County — the situs of the conference center and hotel. We disagree with this premise and its conclusion. *Page 1162 
"A 'transitory' action is one [that] could have arisen anywhere." Ex parte City of Birmingham, 507 So.2d 471, 473
(Ala. 1987). By contrast, an action having real estate as its "subject matter" is an example of a "local action," that is, one that "could only have arisen in the particular locality where it did arise." Id. "[L]ocal actions 'are in the nature of suits in rem . . . which are to be prosecuted where the thing on which they are founded is situated.' " Reed v. City NationalBank of Selma, 406 So.2d 906, 909 (Ala. 1981). This Court stated in Reed:
 " 'The test as to whether an action is transitory or local is not, as a general proposition, the subject causing the injury, but the object suffering the injury, or, as the distinction is otherwise stated, it exists in the nature of the subject of the injury and not in the means used or the place at which the cause of action arises.' "
Id. at 906 (emphasis added).
"[F]or venue purposes an action on a lease is one inpersonam, not in rem, and is transitory and therefore may be brought in any county where other transitory actions could be brought." Ex parte Canady, 563 So.2d 1024, 1026 (Ala. 1990). Moreover, "[c]ontract actions are generally considered transitory even where damage to real property is involved." Exparte Teledyne Exploration, 436 So.2d 880, 882 (Ala. 1983) (emphasis added).
A number of these principles are illustrated in Ex parteDiamond, 596 So.2d 423 (Ala. 1992). In that case, a general partnership composed of Sam Diamond (a Jefferson County resident) and Jake and Owen Aronov "acquired a leasehold interest in a parcel of land located in Montgomery County." Id.
at 424. "In order to finance improvements on the property, the partnership borrowed money from Central Bank of the South ('Central Bank'), executing a note, a leasehold mortgage, and a security agreement to Central Bank. . . ." Id. Subsequently, the partners "executed to Central Bank a continuing guaranty jointly and severally guaranteeing all indebtedness of [the partnership] up to the sum of $563,285.04." Id. Eventually, the Aronovs purchased the note from Central Bank and sued Diamond in Montgomery County, alleging that he owed them "his proportionate share of the remaining principal and interest . . . on the note." Id.
Diamond moved to transfer the action to Jefferson County, where he resided. The Aronovs objected to the transfer, contending that the real estate located in Montgomery County was the "subject matter of the action." Id. The trial court denied Diamond's motion; he petitioned this Court for a writ of mandamus directing the court to transfer the action to Jefferson County. Id.
In granting the petition, we explained:
 "An allegation that 'one of the parties owns real estate, or has substantial rights in real estate which are dependent upon the settlement of the controversy, is not enough to make real estate the "subject matter" of the suit.' Alabama Youth Services Board v. Ellis, 350 So.2d 405, 408
(Ala. 1977). See also Wesson v. Wesson, 514 So.2d 947 (Ala. 1987) ('subject matter' was real estate where the nature of the complaint and relief sought involved the determination of the validity of a conveyance of land, which in turn determined title to the property); Clark v. Smith, 191 Ala. 166, 67 So. 1000 (1915) (complaint for partition must be filed in county where part of the land is located).
 "In the present case, the complaint did not involve land; the relief sought was monetary compensation arising from a note executed by the partnership in which each partner was a one-third owner. The fact that the note was secured by a mortgage of real property does not turn the cause of action into one of which the 'subject matter' is real estate. The complaint did not involve the determination of the validity of the leasehold interest or the validity of the mortgage of the Montgomery property, nor did it involve any determination of the validity of a conveyance of property or a question involving who owned legal or equitable title to property. There was also no count in the complaint seeking to foreclose the mortgage against Diamond. *Page 1163 
 "Therefore, the 'subject matter' of the action is not real estate. . . ."
596 So.2d at 425 (emphasis added).
Similarly, this case involves none of the concerns identified in Ex parte Diamond as involving real estate sufficiently to invoke § 6-3-2(b)(1). The complaint cannot be construed as alleging any injury to the real estate. Cf. Reed v. CityNational Bank of Selma, 406 So.2d 906 (Ala. 1981). Indeed, the principles discussed above compel the conclusion that this action is in personam and not in rem. The real estate located in Lee County is not the "subject matter" of this action as contemplated by § 6-3-2(b)(1).
 B. Nonstatutory Ground
Martin and Auburn University also oppose the mandamus petition on a nonstatutory rule, namely, that "suits involving public officials are properly maintained in the county of their official residence." Tri-State Corp. v. State, 272 Ala. 41, 46,128 So.2d 505, 509 (1961). The rule was stated in Tri-StateCorp., in which this Court cited decisions of other jurisdictions. See also Hardin v. Fullilove Excavating Co.,353 So.2d 779 (Ala. 1977); Alabama Youth Servs. Bd. v. Ellis,350 So.2d 405 (Ala. 1977) ("action against a state agency or a state official in his official capacity [is] to be brought in the county of official residence").
As the trial court noted, the rule was recently applied inEx parte Neely, 653 So.2d 945 (Ala. 1995). Because this case involves an action against Auburn University, a state institution "maintaining its principal place of business in Lee County," Ex parte Neely requires, the respondents contend, transfer of this action to Lee County. In other words, they insist that the trial court's order was correct as a matter of law.
The petitioners, however, contend that this case is controlled by Ala.R.Civ.P. 82(c), which provides:
 "Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22, and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties."
(Emphasis added.) This argument relies on the fact that the action is against Martin in his individual, as well as his official, capacity. The petitioners contend that venue for an action against Martin alleging fraud in his individual capacity would be proper in Covington County, the county in which, the complaint alleges, the wrongful acts occurred. See Ala. Code 1975, § 6-3-2(a)(3) (ex delicto actions against individuals may be brought in the county "in which the act or omission complained of may have . . . occurred"). On the basis of the fraud claim against Martin in his individual capacity, the petitioners argue, Rule 82(c) authorizes an action in Covington County as to Martin — in his official capacity — and as to the state institution, notwithstanding the general rule regarding venue for actions against state officials and agencies. In other words, they contend that because an action against Martin in his individual capacity would be proper in Covington County, Rule 82(c) authorizes the joinder of Auburn University, for which venue — in the absence of Rule 82(c) — would be improper.
During oral argument, Martin and Auburn University cited Ala. Const. 1901, amend. 328, § 6.11, which provides in part: "The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that such rulesshall not . . . affect the jurisdiction of circuit and district courts or venue of actions therein. . . ." (Emphasis added.) This proviso, they contended, prohibits this Court from applying Rule 82(c) in the manner urged by the petitioners. More specifically, they argued that to allow the action to proceed in Covington County on the authority of Rule 82(c) would "change the law of venue as it has existed in this state for many years." Such a result, they proposed, is prohibited by § 6.11.
We have not heretofore addressed the relationship between the venue rule at issue in this case and Rule 82(c). Contrary to the *Page 1164 
arguments of Martin and Auburn University, Ex parte Neely is not controlling authority. In that case, we declined to issue a writ of mandamus directing the Madison County Circuit Court to vacate an order transferring to Montgomery County an action commenced against the State of Alabama and the commissioner of the Department of Conservation and Natural Resources. Although that case created an opportunity for a resolution of this issue, the petitioner did not invoke Rule 82(c). Consequently, we did not consider the relationship between Rule 82(c) and the venue of actions against state agencies and officials. Ex parteNeely is, therefore, inapposite here.
Also, the oral arguments of Martin and Auburn University misperceive or disregard the history of the principle embodied in Rule 82(c). To illustrate, we shall briefly review the historical background of that principle.
The general venue provision for actions against individuals contained in Ala. Code 1975, § 6-3-2, was first codified in the Code of 1852, which provided in pertinent part: "No freeholder of this state, having a permanent residence within it, must be sued out of the county of his residence, unless the suit be for the recovery of real property . . ., when the suit must be instituted in the county where the land lies." Ala. Code 1852, § 2164. Notwithstanding the apparent restrictiveness of this section, the preceding adjacent section provided:
 "When any joint or joint and several cause of action exists, and the defendants reside or may be found in different counties, a summons may issue from the court having jurisdiction of any one of such defendants, and be executed in any county, which must be returned and filed in the court from which the process issued, and constitute but one suit, in the same manner as if but one summons had issued against all the defendants: and it is the duty of the clerk, on issuing such branch summons, to indorse thereon that it is a branch of the original suit, and that all the summons constitute one suit and are for one and the same cause of action."
Ala. Code 1852, § 2163 (emphasis added). This provision authorizing a "branch summons" in an action in one county to a joint defendant residing in another county, notwithstanding its facial inconsistency with § 2164, was codified in successive statutory compilations without significant change, until 1886, when, still without significant change, it was accompanied by a more recent predecessor of § 6-3-2 in significantly altered form. That section provided in pertinent part:
 "All actions on contracts . . . must be brought in the county in which the defendant, or one of the defendants, resides, if such defendant has within the state a permanent residence; all other personal actions, if the defendant, or one of the defendants, has within the state a permanent residence, may be brought in the county of such residence, or in the county in which the act or omission complained of may have been done, or may have occurred."
Ala. Code 1886, § 2640 (emphasis added). The emphasized portions of this section, which authorized the commencement of an action against joint defendants in such county as would be proper for an action against any one of them, obviated any conflict with the branch summons provision.
Both provisions appeared without significant change in the Code of 1896, as § 3271 and § 4205, respectively. Those sections formed the basis of a decision in Eagle Iron Co. v.Baugh, 147 Ala. 613, 617, 41 So. 663, 664 (1906). That case involved an action by Baugh commenced in Marshall County against a Marshall County resident individual, and Eagle Iron Company ("Eagle Iron"), a corporation, as joint defendants.147 Ala. at 614, 41 So. at 664. As a corporation, Eagle Iron was subject to being sued "in any county in which it [did] business by agent." Ala. Code 1896, § 4207. It was, however, operating in Etowah County and "had no place of business" in Marshall County. 147 Ala. at 614, 41 So. at 663.
The individual defendant was eventually dismissed from the action and, subsequently, Eagle Iron challenged venue through a plea in abatement. Id. Holding that the plea should have been allowed, this Court explained:
 "While rule 12 (page 1197 of the code of 1896) requires that pleas in abatement *Page 1165 
must be filed within the time allowed for pleadings, and ordinarily such a plea should not be entertained at a subsequent term of court, yet the plea should have been permitted in the case at bar. The corporation was sued jointly with [an individual], and in Marshall county, where [the individual] resided, and under sections 4205 [the general venue statute as to individuals] and 3271
[the branch summons statute] the question of venue was not open to the Eagle Iron Company so long as [it was a] joint defendant; but, after the plaintiff eliminated [the individual joint defendant] from the suit, the corporation became the sole defendant, and had the right to then question the venue of the action. Section 4207 applies to suits against corporations when they are sole defendants, and does not conflict with sections 4205 and 3271 in reference to suits against two or more defendants."
147 Ala. at 616-17, 41 So. at 664 (emphasis added).
The pertinent clauses of § 3271 and § 4205 — harmonized as to the venue of actions involving joint defendants by the Code of 1886 — remained without relevant change a part of Alabama's statutory compilations until this Court promulgated the Rules of Civil Procedure. See Ala. Code 1907, §§ 6110 and 5300 (branch summons); Ala. Code 1923, §§ 10467 and 9418 (branch summons); Ala. Code 1940, Tit. 7, §§ 54 and 185 (branch summons); Ala. Code 1958 (Recompiled), Tit. 7, §§ 54 and 185 (branch summons). Throughout that period, moreover, this Court continued to construe those clauses in a manner consistent with its holding in Eagle Iron Co. supra, namely, that a venue that is a proper venue as to one defendant is a proper venue for joint defendants, regardless of the residence of the joint defendants. See, e.g., Ex parte Western Ry. of Alabama,283 Ala. 6, 214 So.2d 284 (1968) (Jefferson County was the proper forum for an action commenced against a domestic corporation, which was not doing business in Jefferson County, where a joint defendant in the action was a foreign corporation that was
doing business in Jefferson County, as long as the foreign corporation remained in the action); National Surety Co. v.First National Bank of Opelika, 225 Ala. 108, 142 So. 414
(1932) (Lee County was the proper forum for a joint action commenced against a foreign corporation doing business in Lee County and an individual residing in Tallapoosa County);Louisville N.R.R. v. Strickland, 219 Ala. 581, 122 So. 693
(1929) (Wilcox County was the proper forum for an action commenced against a domestic corporation that was not doing business in Wilcox County, where a joint defendant was a foreign corporation that was doing business in Wilcox County).
The pertinent language of the general venue provision
discussed above is, of course, still found in Ala. Code 1975, §6-3-2(a), which provides in part:
 "(2) All actions on contracts . . . must be commenced in the county in which the defendant or one of the defendants resides. . . .
 "(3) All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission . . . occurred."
(Emphasis added.) The branch summons statute, along with other provisions regulating the mode and procedures for commencing actions, has now been subsumed in the Rules of Civil Procedure promulgated by this Court in 1973. More specifically, its pertinent venue principle is now most succinctly expressed in Rule 82(c), as we stated in Roland Pugh Mining Co. v. Smith,388 So.2d 977, 979 (Ala. 1980): "Rule 82(c) . . . simply restates the statutes as heretofore construed by this Court in providing: Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought." Otherwise stated, the principle expressed in Rule 82(c) is consistent with the principle expressed repeatedly by the legislature since 1852, which principle is still legislatively mandated by §6-3-2(a)(2)-(3). Contrary, therefore, to the arguments of Martin and Auburn University, Rule 82(c) merely preserves the principle expressed — both formerly and currently — by the legislature. *Page 1166 
Recently, we held that Ala. Code 1975, § 6-3-11 abrogated this principle in cases involving actions against counties andmunicipalities. See Ex parte Alabama Power Co., 640 So.2d 921
(Ala. 1994). However, neither § 6-3-11 nor any other statute prohibits the application of this principle in actions againststate agencies or officials. In short, Rule 82(c) has not "affect[ed] the . . . venue of actions," as Martin and Auburn University contend. Thus, § 6.11 is no impediment to the recognition of a Rule 82(c) exception to the state-defendant venue rule.
Indeed, this Court has already recognized at least two exceptions to the general rule, namely, where an alternate forum is provided specifically by statute, Boswell v.Citronelle-Mobile Gathering, Inc., 292 Ala. 344, 294 So.2d 428
(1974); or where objections to venue are waived, Ex parteDothan-Houston County Airport Authority, 282 Ala. 316,211 So.2d 451 (1968). Morever, the principle embodied in Rule 82(c) — as might be expected, given its longevity in our jurisprudence — is based on the soundest of policy considerations. Applied to actions generally, it obviates, for example, the multiplicitous litigation that would otherwise result from severances of actions if every joint defendant were amenable to suit only in his or her own respective forum. These considerations are not inconsequential in actions against state defendants. We hold, therefore, that the joint-defendant venue principle as most succinctly — but not exclusively — expressed in Rule 82(c) constitutes another exception to the rule laying venue of actions against state officials and agencies in the county of official residence.
 II. Inconvenient Forum
Martin and Auburn University also invite us to hold that the doctrine of forum non conveniens, as set forth in Ala. Code 1975, § 6-3-21.1, requires prosecution of this action in Lee County. They concede, however, that this issue was never addressed nor considered by the trial court, which based its decision, instead, "solely upon" its construction of Ex parteNeely, 653 So.2d 945 (Ala. 1995).[1] We do not, therefore, address this issue. See Ex parte Blount, 665 So.2d 205 (Ala. 1995) (refusing to consider forum non conveniens as a ground for denying a mandamus petition, where that ground was never considered by the trial court).
A writ of mandamus will issue where the petitioner has demonstrated "a clear legal right to the relief sought." Exparte Clark, 643 So.2d 977, 978 (Ala. 1994). The petitioners have demonstrated such a right in this case. Therefore, we grant the petition. The Covington County Circuit Court is directed to vacate its order transferring this action to Lee County.
WRIT GRANTED.
HOOPER, C.J., and SHORES, KENNEDY, and BUTTS,* JJ., concur.
MADDOX** and HOUSTON, JJ., dissent.
[1] As we noted previously in this opinion, Ex parte Neely is inapposite.
* Justice Butts did not attend oral argument, but he listened to the tape on December 15, 1995.
** Justice Maddox did not attend oral argument, but he listened to the tape on March 6, 1996.