On Application for Rehearing

JOHNSTONE, Justice.
The opinion of March 19, 1999, is withdrawn and the following opinion is substituted therefor.
Adlee Bruner and Riverbend Lumber Company, a Florida corporation, are the plaintiffs in an action filed in the Geneva County Circuit Court. They petition for a writ of mandamus directing Judge Charles L. Woods to vacate his order transferring the action to the Montgomery County Circuit Court. We deny the petition.
On May 15, 1998, Bruner and Riverbend sued the Alabama Forestry Commission; the Department of Conservation and Natural Resources, State Lands Division; and fictitious[1] defendants described as “per *439 sons, firms or corporations who own or claim to own any interest in real estate adjoining a non-navigable tributary of the Choctawhatchee River lying in Geneva County, Coffee County and Dale County, Alabama are persons, firms or corporations who’s [sic] status is unknown and upon whom service is requested by publication.” The plaintiffs assert ownership of certain logs submerged, or lying, in the Choctawhatchee River and its tributaries.
On May 22, 1998, the Department of Conservation and Natural Resources, State Lands Division, filed a motion to transfer the action to the Montgomery County Circuit Court on the ground that the official place of business of the Department is in Montgomery County. On June 25, 1998, Bruner and Riverbend filed an opposition to the motion to transfer. On August 18, 1998, one William J. Paul, pro se, filed an answer disclaiming ownership in the logs. On September 1, 1998, the Geneva County Circuit Court transferred the action to the Montgomery County Circuit Court. Bruner and Riverbend then filed this petition for a writ of mandamus.
“A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.” Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998). A petition for a writ of mandamus is the proper means by which to challenge an order by a trial court transferring an action to another county. Ex parte AU Hotel, Ltd., 677 So.2d 1160 (Ala.1996); Ex parte Neely, 653 So.2d 945 (Ala.1995).
Bruner and Riverbend, relying on Ex parte AU Hotel, Ltd., contend that venue of this case is controlled by Rule 82(c), Ala. R. Civ. P., which provides:
“Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22, and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties.”
In Ex parte AU Hotel Ltd., supra, this Court held that “the joint-defendant venue principle as most succinctly — but not exclusively — expressed in Rule 82(c) constitutes another exception to the rule laying venue of actions against state officials and agencies in the county of official residence.” 677 So.2d at 1166. Bruner and Riverbend contend that the fictitious defendants described in the complaint are joint defendants who or which make venue proper in Geneva County under Rule 82(e).
Rule 82(d)(4) provides:
“No defendant still designated as a fictitious party pursuant to Rule 9(h) 75 days after the filing of a motion to transfer shall be considered for the purpose of deciding the correct venue of the action.”
Bruner and Riverbend did not substitute or name any of the fictitiously described landowners within 75 days of the filing of the motion to transfer. Consequently, on September 1, 1998, when the trial court considered and granted the motion to transfer, the only named defendants were State agencies. In Ex parte Neely, supra, this court held that, absent statutory authority to the contrary, the proper venue for an action against a State agency is the county of the official residence of the State agency. Therefore, Montgomery County is the proper venue. The writ is denied.
On application for rehearing, Bruner and Riverbend contend that the defendants described as “persons, firms or corporations who own or claim to own any interest in real estate adjoining a non-navigable tributary of the Choctawhatchee River lying in Geneva County, Coffee *440 County and Dale County ... who s [sic] status is unknown” are not fictitious defendants but are a class of landowners who own land adjoining a nonnavigable waterway. They claim that their action is a quasi in rem action. A quasi in rem action is an action “against the person in respect of the res, where, for example, it has for its object partition, or the sale or other disposition of [the] defendant’s property.” Gill v. More, 200 Ala. 511, 517, 76 So. 453, 459 (1917).
Bruner and Riverbend do not cité any statute or caselaw as authority for their contention that their action is quasi in rem. Moreover, neither the pleadings nor the rest of the record shows either conformity with the requirements of Rule 23, Ala. R. Civ. P., governing class actions; due diligence to identify any of the private landowner defendants; or facts sufficient to excuse the absence of personal service.
The actions most analogous to this action by Bruner and Riverbend are actions to quiet title or for the partition of real property, governed by § 6-6-561, Ala. Code 1975, or for civil condemnation of property or money used in the commission of a controlled-substance offense, governed by §§ 28-4-286 and 20-2-93, Ala.Code 1975. These statutes specify the ways to identify or to name the property, the defendants, or the interested parties. Bruner and Riverbend did not comply with the ways specified in §§ 6-6-561, 28-4-286, or 20-2-93. Nor did Bruner and Riverbend comply with the way to acquire “property adrift.” §§ 35-13-1 through -10.
The identification of defendants in the complaint filed by Bruner and Riverbend is most analogous to fictitious-party practice as governed by Rule 9(h), Ala. R. Civ. P. That rule provides:
‘When a party is ignorant of the name of an opposing party and so alleges in the party’s pleading, the opposing party may be designated by any name, and when that party’s true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.”
Therefore, on September 1, 1998, when the trial court granted the motion to transfer, the only named defendants were State agencies.
APPLICATION FOR REHEARING GRANTED; OPINION OF MARCH 19, 1999, WITHDRAWN; OPINION SUBSTITUTED; WRIT DENIED.
HOOPER, C.J., and HOUSTON, COOK, BROWN, and ENGLAND, JJ., concur.
MADDOX, SEE, and LYONS, JJ., concur in the result.

. The plaintiffs' objection to this characterization on application for rehearing is addressed later in this opinion.