MADDOX, Justice
(concurring in the result).
The majority implies that if within the 75-day period Bruner and Riverbend had named or substituted a Geneva County landowner for the fictitious parties named in the complaint, then Geneva County might have been a proper venue and, accordingly, it might have been proper for this Court to issue the writ of mandamus. That rationale, of course, finds support in Ex parte AU Hotel, Ltd,., 677 So.2d 1160 (Ala.1996).
I dissented in AU Hotel, and I adhere to the position I took in that dissent. I believed then, and I believe now, that the Court, in AU Hotel, erred by holding that venue as to claims against state agencies and officers may be proper in counties other than the county of their official residence. For a more detailed explanation of my position, see my dissent in AU Hotel, 677 So.2d at 1166-69.
Because the majority denies the writ, leaving intact the trial judge’s order transferring the underlying action to Montgomery County, I believe it reaches the correct result, a result that reflects the legislative intent concerning venue of actions against state agencies and officers.
SEE, J., concurs.