SEE, Justice.
James “Red” Nichols; his wife, Ruth Ethel Nichols; Nichols Funeral Services, Inc.; Winston Memorial Services, Inc.; and Vault Services, a partnership (hereinafter collectively referred to as “the Nich-olses”), petition for a writ of mandamus directing Judge Thomas A. Woodall of the Jefferson Circuit Court to transfer an action from that court to the Winston Circuit Court. The Nicholses are the defendants in an action filed by Peavey & Brooks International, Inc. (“PBI”), in the Circuit Court of Jefferson County. PBI’s complaint arises from its purchase of certain funeral-related businesses and properties, including certain real estate, from the Nicholses. The complaint alleges breach of contract, tortious interference with contractual and business relations, promissory fraud, fraudulent suppression, misappropriation of confidential information and trade secrets, breach of fiduciary duty, and conversion. The complaint also seeks reformation of a promissory note. The Nich-olses moved the trial court to transfer the case to Winston County, arguing that Jefferson County was not a proper venue, and arguing, alternatively, under AIa.Code 1975, § 6-3-21.1, that Winston County would be a more convenient venue. We conclude that Jefferson County is a proper venue for the action and that a transfer to Winston County is not mandated by the statutory doctrine of forum non conve-niens. Therefore, we deny the writ.
I.
James and Ruth Nichols reside in Winston County, where they had been in the funeral business for many years. They had owned the defendant corporations and were the partners in Vault Services. In 1998, they agreed to sell all the assets of their funeral businesses to PBI. These transactions were closed in Jefferson County, after having been negotiated primarily in Winston County. The businesses are operated in Winston County and the business property is located there.
After the closing, the relationship between the Nicholses and PBI soured. On December 4, 1998, PBI filed in the Jefferson Circuit Court the action to which this petition relates. On December 22, 1998, before receiving notice of PBI’s action, the Nicholses sued PBI and its individual owners in the Winston Circuit Court, alleging that the defendants had failed to pay a $60,000 promissory note that was due December 8, 1998, and had fraudulently failed to obtain a life insurance policy for which the Nicholses had paid $38,917 in June 1998. PBI moved the Winston County court to stay that action on the basis that PBI had filed its action first, and the court granted that motion. The Nicholses moved the Jefferson County court to transfer PBI’s action to Winston County. The court denied that motion and also denied the Nicholses’ subsequent “motion to reconsider.” This petition followed.
II.
“We note at the outset that the proper remedy for one seeking to avoid the unnecessary expense of a trial in the wrong forum following an adverse ruling on a motion to change venue is a' writ of mandamus.” Ex parte Jim Walter Homes, Inc., 712 So.2d 733, 734 (Ala.1998). A writ of mandamus is an extraordinary remedy, requiring the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. See Ex parte Conference America, Inc., 713 So.2d 953, 955 (Ala.1998) (citing Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989)). The writ would be appropriate only if it is clear that Jefferson County is an improper venue for PBI’s action or that the trial court abused its discretion in refusing to transfer the case for the convenience of the parties. “Having raised the issue, [the Nicholses have] the burden of proving improper venue” or an abuse of *377 discretion. Ex parte Jim Walter Homes, Inc., 712 So.2d at 734.
The Nicholses first argue that Jefferson County is an improper venue because, they say, the subject matter of the action is real estate located in Winston County. Rule 82(b)(1)(B), Ala. R. Civ. P., provides that “if the subject matter of the action is real estate, whether or not exclusively, or if it is for recovery or possession thereof or trespass thereto, [the action must] be brought in the county where the real estate or a material portion thereof is situated.” The Nicholses argue that the subject matter of PBI’s action is real estate because the action seeks enforcement of a contract that involved the sale of real estate. This Court has held that the term “subject matter,” as it is used in our venue statutes and rules, “refers to the nature of the cause of action and the nature of the relief sought.” Ex parte Jim Walter Homes, Inc., 712 So.2d 733, 736 (Ala.1998). This Court has held that real property is not the subject matter of a personal-injury action seeking damages or injunctive relief in regard to claims arising from a real-estate transaction. See id. at 737 (holding that real estate was not the subject matter of the action where the plaintiffs sought to recover damages for negligence and fraud in connection with a land transaction); Ex parte AU Hotel, Ltd., 677 So.2d 1160, 1163 (Ala.1996) (holding that real estate was not the subject matter of the action where the plaintiff sought to recover damages for fraud and civil conspiracy, based on representations made in connection with a land transaction). If a complaint does not allege damage or harm to real estate or seek to affect the title to real estate, then real estate is not the subject matter of the action. See Ex parte AU Hotel, Ltd., 677 So.2d at 1163.
PBI’s complaint does not allege any damage or harm to real estate, nor does it seek to affect title to any real estate. The complaint alleges that the Nicholses engaged in the following wrongful conduct: (1) failing to assign to PBI an irrevocable trust interest owned by one of the Nich-olses’ businesses; (2) failing to transfer to PBI a trust account; (3) removing customer and vendor files and other business documents from the Nicholses’ businesses; (4) taking, a Dodge pickup truck that was owned by one of the Nicholses’ businesses; (5) taking the blueprints of the buildings used by the Nicholses’ businesses; (6) failing to pay several invoices; (7) directing employees of the Nicholses’ businesses to give certain funds to the Nicholses, based on a claim by the Nicholses that they had a second mortgage on the property that was the source of the funds; (8) making false and/or disparaging representations about PBI; and (9) “failing to provide real and personal property in good working order as required in the closing documents.” PBI asserts that the “real property” it says the Nicholses failed to deliver in “good working order” is a lease. This Court has held that a lease is not to be considered “real estate” for purposes of applying venue rules. See AU Hotel, Ltd., 677 So.2d at 1162. PBI’s complaint seeks injunctive relief and damages. It does not, however, seek to affect title to any real estate. Thus, even though PBI’s claims arise from transactions that involved the transfer of real estate, we must conclude that real estate is not the “subject matter” of the action. Venue in Jefferson County is not, therefore, improper under Rule 82(b)(1)(B).
The Nicholses next argue that Jefferson County is an improper venue for this action because they are individuals residing in Winston County. Rule 82(b)(1)(A) provides:
“Actions against an individual or individuals having a permanent residence in this state ... [m]ust be brought in the county where the defendant ... resides at the commencement of the action, except that if the action is a personal action other than an action on a contract, it may be brought either in the county where the act or omission complained of occurred, or in the county of *378 the permanent residence of the defendant-”
The Nicholses argue that PBI’s action is not within the exception for “a personal action other than an action on a contract.” They argue that even though PBI has asserted fraud claims against them, PBI’s action is not a “personal action,” because PBI is a corporation, not an individual, and, they argue, a corporation cannot maintain a personal action. This argument is without merit. In Ex parte Sierra Development, Inc., 652 So.2d 251 (Ala.1994), this Court held that a corporation’s fraud action against an individual and a domestic corporation was a “personal action” within the meaning of that term as it is used in Rule 82(b)(1)(A). See 652 So.2d at 258; see also Ala. Const. of 1901, § 240 (“All corporations shall have the right to sue, and shall be subject to be sued, in all courts in like cases as natural persons.”).
Jefferson County is a proper venue for PBI’s fraud claims, because those claims are based on representations made in the closing documents that PBI and the Nich-olses executed in Jefferson County and on oral representations made by the Nich-olses at the closing in Jefferson County. Rule 82(c), Ala. R. Civ. P., provides that “[wjhere several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought.” Because Jefferson County is a proper venue for PBI’s fraud claims against the Nich-olses, it is also a proper venue for PBI’s other claims against the Nicholses.
Finally, the Nicholses argue that the trial court was required to transfer the case to Winston County, under Ala.Code 1975, § 6-3-21.1, because, they argue, the Circuit Court of Winston County would be a more convenient forum for the Nicholses. Specifically, the Nicholses argue that Winston County would be a more convenient place for trial than Jefferson County because, they say, (1) travel to Birmingham (where the courthouse for the Birmingham Division of the Jefferson Circuit Court is located) would be inconvenient for them because they are elderly and have medical problems; (2) the documents at issue in the case -are located in Winston County; (3) their attorney’s office is located in Winston County; and (4) all potential nonparty witnesses reside in Winston County.[1]
Section 6-3-21.1(a) provides, in pertinent part:
‘With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and, witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
Transfers under this section are within the trial court’s discretion and will not be reversed absent an abuse of that discretion. See Blair v. Container Corp. of America, 631 So.2d 919, 921 (Ala.1994). The trial dourt should give deference to the plaintiffs choice of a proper forum, see Ex parte Bloodsaw, 648 So.2d 553, 555 (Ala.1994), and the burden is on the party moving for the transfer to prove that the transferee forum is significantly more convenient than the plaintiffs chosen forum, see Ex parte Auto-Owners Ins. Co., 630 So.2d 435, 436 (Ala.1993).
 “A party who claims that the location of documents is a consideration in a forum non conveniens dispute must make a showing on the factors such as volume, necessity, and inconvenience that would support such a claim.” Ex parte Wiginton, 743 So.2d 1071, 1076 (Ala.1999). Be *379 cause the Nicholses made no such showing, this Court cannot consider the location of the documents relating to this case in determining whether the trial court abused its discretion in denying the transfer. Similarly, the location of the Nicholses’ counsel has little, if any, relevance to our inquiry. See American Standard, Inc. v. Bendix Corp., 487 F.Supp. 254, 262 (W.D.Mo.1980) (“[T]he majority of cases have held that the location and convenience of counsel should be given little weight, at most.”); Grubs v. Consolidated Freightways, Inc.,, 189 F.Supp. 404, 410 and n. 16 (D.Mont.1960) (“Inconvenience of counsel is not a relevant factor for consid-eration_”). In any event, we note that the Nicholses have retained counsel both in Birmingham and in Winston County.
The location of the nonparty witnesses in this case also does not figure heavily into this Court’s determination. The non-party witnesses are all employees of PBI whose presence at trial can be obtained by PBI. Thus, while the trial court was bound to consider the location of these witnesses when it ruled on the transfer motion, this factor does not weigh heavily in favor of transferring the case to Winston County. See DEV Indus., Inc. v. NPC, Inc., 768 F.Supp. 313, 315 (N.D.Ill.1991) (“Other potential witnesses named by DEV, all residents of Illinois, are DEV employees whose presence can be obtained by DEV; they do not figure into the ‘third party inconvenience’ calculus.”); Ashmore v. Northeast Petroleum Div., 925 F.Supp. 36, 38 (D.Me.1996) (denying a defendant’s motion to transfer on the basis of forum non conveniens and stating that “[a] defendant’s motion to transfer ... may be denied when the witnesses are employees of the defendant and their presence can be obtained by the party”).
In regard to the Nicholses’ claim that it would be inconvenient for them to travel to Birmingham for trial, we note that they had previously sought to reschedule Mrs. Nichols’s deposition because she was going to be in Hawaii on the initial date of the deposition. Additional evidence before the trial court indicates that the Nicholses “often travel, to Birmingham to shop, see friends, go to restaurants and ... see doctors.” Thus, travel in general, and travel to Jefferson County in particular, does not appear to be a significant inconvenience for the Nich-olses. Moreover, while a trial in Winston County might be more convenient for the Nicholses, it would be less convenient for the PBI principals, both of whom are key witnesses.' One of the PBI principals lives in Shelby County and works in Birmingham. Evidence indicates that this principal can drive to the Jefferson County Courthouse in Birmingham in 15 to 20 minutes, whereas the drive to Winston County would take about two and one-half hours.[2] The evidence indicates that the other principal lives in Louisiana and must fly to Birmingham, and that he can reach the Birmingham courthouse with only a 10-minute drive from Birmingham International Airport, whereas the drive from the airport to the Winston County Courthouse would take about two hours. The doctrine of forum non conveniens “provides for transfer to a more convenient forum, not to a forum likely to "prove equally convenient or inconvenient.” Van Dusen v. Barrack, 376 U.S. 612, 645-46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Where, as in this case, “one party or the other will be equally inconvenienced, [the] plaintiff’s choice of forum will not be disturbed.” Zorn v. Anderson, 263 F.Supp. 745, 749 (S.D.N.Y.1966).
Because Jefferson County is a proper venue for this action and because Winston County would not be a significantly more convenient venue, the trial court did not abuse its discretion in denying the Nich-olses’ motion to transfer this case to Winston County.
III.
Because Jefferson County is a proper venue for the trial of PBI’s action and *380 because the trial court did not abuse its discretion in denying the Nicholses’ motion to transfer the action under § 6-3-21.1, we deny the writ.
WRIT DENIED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.

. The Nicholses also argue that the trial court abused its discretion in denying their motion to transfer the action to Winston County because, they argue, the action does not have a sufficient nexus with Jefferson County. This assertion, however, is without merit, because most, if not all, of the alleged representations and omissions that are the basis of PBI’s action occurred at the closing in Jefferson County.

. PBI says that travel is difficult for this witness because, it says, he has back problems.