PARKER, Justice.
The State of Alabama and Governor Bob Riley, who was sued in his official capacity (hereinafter referred to collectively as “the State defendants”), petition this Court for a writ of mandamus directing the Baldwin Circuit Court to transfer an action filed by E. Lamar Little and Surfside Development Corporation, a Mississippi corporation (hereinafter referred to collectively as “Surfside”), to Montgomery County, where, they argue, venue is proper. For the reasons presented below, we issue the writ.

Background

On June 5, 2009, Surfside filed an action in the Baldwin Circuit Court seeking to recover real property it had conveyed to the State by a warranty deed dated September 20, 1962. The deed contains a provision that the land was conveyed subject to its use
“solely for the construction and maintenance of a residence for the Governor of the State of Alabama. Any attempted sale, or use of said parcel of land for any other purpose shall, without further notice, cause the said parcel of land to revert to the Grantor, its successors and assigns.”
Surfside’s complaint stated that the property had not been devoted to its intended purposes since 1996 and that the above reversionary clause should, therefore, be given effect and all title and interest in the land should revert to Surfside.
On July 14, 2009, the State defendants moved the Baldwin Circuit Court for a change of venue to Montgomery County, arguing:
“Where an official of the state is a defendant, venue is proper only in Montgomery County, ‘absent specific statutory authority to the contrary or waiver of objection to venue’ and ‘even where the case arguably is one involving real estate in another county.’ See, Ex parte Neely, 653 So.2d 945 (Ala.1995); Ex parte Alabama Power Co., 640 So.2d 921 (Ala.1994); Ex parte City of Birmingham, 507 So.2d 471 (Ala.1987); Alabama Youth Services Board v. Ellis, 350 So.2d 405 (Ala.1977); Boswell v. Citronelle-Mobile Gathering, Inc., 292 Ala. 344, 294 So.2d 428 (1974); Tri-State Corp. v. State ex rel. Gallion, 272 Ala. 41, 128 So.2d 505 (1961).”
Surfside responded to the State defendants’ motion for a change of venue, arguing that venue is proper in Baldwin County because “the real property which is the subject matter of this action is located in Baldwin County.” In support of its argument, Surfside cited § 6-3-2, Ala. Code 1975,[1] and Wesson v. Wesson, 514 So.2d 947 (Ala.1987) (holding that where title to real property is at issue, the real property is the subject matter of the lawsuit and the action must be brought where the real property is located), and Davidson v. Brown, 215 Ala. 205, 209, 110 So. 384, 386-87 (1926)(holding that a suit to cancel a deed is properly brought in the county where the real property is located). Although admitting that the general rule is that an action against a State agency or against a State official in his or her official capacity is properly maintained in the county of the official residence of the agency or official, Surfside argued in its re *1072 sponse to the State defendants’ motion that the courts have found numerous exceptions to the general rule:
“In Boswell v. Citronelle-Mobile Gathering, Inc., [292 Ala. 344,] 294 So.2d 428 (1974), the court recognized an exception to the general rule for instances in which an alternative forum was provided by statute. In [Ex parte ] Dothan-Houston County Airport Authority, [282 Ala. 316,] 211 So.2d 451 (1968), the court found an exception to the general rule where the governmental agency by its actions waives objections to venue. In AU Hotel, LTD v. Martin, 677 So.2d 1160 (Ala.1996), the court created another exception, holding that the joint-defendant venue principle established by Rule 82 of the Alabama Rules of Civil Procedure, allowing for an action to be maintained against all defendants if venue was proper as to one defendant, applied to governmental agencies. The court noted that, where a governmental officer was sued in his individual capacity as well in his official capacity, venue could properly lie in a county other than that of the employee’s official residence. Id.
[[Image here]]
“Pursuant to Alabama law, an action such as the present one is a local action or in rem action, rather than a transitory or in personam action. As such, venue is proper in Baldwin County. The Defendants have failed to meet then-burden of proof, and thus, a transfer of venue is not warranted. The Defendants’ motion should be denied.”
Without providing its reasoning, the Baldwin Circuit Court denied the State defendants’ motion for a change of venue on August 25, 2009. The State defendants then filed this petition for a writ of mandamus directing the Baldwin Circuit Court to vacate its order denying their motion for a change of venue.

Standard of Review

“Our standard of review in mandamus cases is well settled:
“ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court. Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).... We apply the abuse-of-discretion standard when considering a mandamus petition challenging a venue ruling, and we will not issue the writ unless the trial court exercised its discretion in an arbitrary and capricious manner. Id.’ ”
Ex parte Kia Motors America, Inc., 881 So.2d 396, 399 (Ala.2003) (quoting Ex parte Brookwood Health Servs., Inc., 781 So.2d 954, 956-57 (Ala.2000)).

Legal analysis

This Court has stated:
“Agencies and officers of the state must be sued in the county of their official residence absent specific statutory authority to the contrary or waiver of objection to venue. Hardin v. Fullilove Excavating Co., 353 So.2d 779 (Ala. 1977); Boswell v. Citronelle-Mobile Gathering, Inc., 292 Ala. 344, 294 So.2d 428 (1974); Tri-State Corp. v. State, 272 Ala. 41, 128 So.2d 505 (1961). This rule is adhered to even where the case arguably is one involving real estate in another county. Tri-State Corp., supra; Alabama Youth Services Board v. Ellis, 350 So.2d 405, 408 (Ala.1977): ‘Moreover, the allegations in this case pertaining to the location of real estate in Jef *1073 ferson County, while they may resolve a venue question in an ordinary case, do not control a case such as this where the action is one against a state agency.’ ”
Ex parte City of Birmingham, 507 So.2d 471, 474 (Ala.1987).[2]
Thus, two exceptions have been propounded to the general rule that State officials must be sued in the county of their official residency: specific statutory authority that allows venue to be placed elsewhere, as was the case in Boswell v. Citronelle-Mobile Gathering, Inc., 292 Ala. 344, 294 So.2d 428 (1974), and a waiver of venue by the defendant, as in Hardin v. Fullilove Excavating Co., 353 So.2d 779 (Ala.1977). This Court appears to have allowed a third exception in Ex parte AU Hotel, Ltd., 677 So.2d 1160 (Ala.1996), when a State official is sued jointly with other defendants as to whom venue is proper in a county other than the official residence of the State official.
Surfside asks this Court to hold that because real estate is involved, its action against the State defendants is an “in rem” or “local” action. Surfside, citing Ex parte AU Hotel, Ltd., contends that this Court there indicated that, even when a State agency is involved, the principle of an in rem or local action still applies to determine proper venue. Ex parte AU Hotel, Ltd., however, is readily distinguishable; the president of Auburn University was sued both in his official capacity and in his individual capacity. The statutory basis for confining the action to the county where the land is situated is § 6-3-2; it applies only to actions against individuals. See Ex parte Pickens Coal Co., 544 So.2d 960, 961-62 (Ala.1989)(“Alabama Code 1975, § 6-3-2, provides for venue of actions against individuals. Part (a) distinguishes between actions for recovery of Or trespass to lands, actions on contracts, and ‘all other personal actions.’ Part (b) provides that equitable actions, of which the subject matter is land, must be brought where the land is located.... Of course, those provisions apply only to actions against individuals ” (emphasis added)). Here, Governor Riley was sued only in his official capacity; therefore, unlike Ex parte AU Hotel, in which the president of Auburn University had been sued in both his official and his individual capacity, § 6-3-2 does not apply.
The State defendants’ motion for a change of venue presented sufficient legal justification for the motion to be granted. The State defendants’ petition for a writ of mandamus demonstrates a clear legal right under the law to a writ of mandamus because the action it seeks to transfer is one against the State and an officer of the State, the State defendants did not waive their right to object to venue in Baldwin County, there are no other defendants in the action for whom venue in Baldwin County would be proper, and there is no specific statutory authority permitting Surfside to bring the action in Baldwin County. Thus, the Baldwin Circuit Court misapprehended the law when it denied the State defendants’ motion for a change of venue.
Article I, § 14, of the Alabama Constitution of 1901, provides “[tjhat the State of Alabama shall never be made a defendant in any court of law or equity.” This Court has ruled that “[the] constitutionally guar *1074 anteed principle of sovereign immunity, acting as a jurisdictional bar, precludes a court from exercising subject-matter jurisdiction. Without jurisdiction, a court has no power to act and must dismiss the action.” Alabama State Docks Terminal Ry. v. Lyles, 797 So.2d 432, 435 (Ala.2001). Because the courts have no jurisdiction over cases brought against the State of Alabama, except to dismiss, we order the Baldwin Circuit Court to dismiss the State of Alabama as a defendant in the underlying action.
We grant the petition and issue the writ as to Governor Riley. The Baldwin Circuit Court is directed to vacate its order of August 25, 2009, denying the State defendants’ motion for a change of venue and to transfer the case to the Montgomery Circuit Court with Governor Riley as the sole defendant.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, and SHAW, JJ., concur.
MURDOCK, J., concurs in the result.

. Section 6 — 3—2(a)(1) provides:
"(a) In proceedings of a legal nature against individuals:
"(1) All actions for the recovery of land, of the possession thereof or for a trespass thereto must be commenced in the county where the land or a material part thereof lies.”
In its response to the petition for a writ of mandamus, Surfside conceded that § 6-3-2 applies only to actions against individuals and thus does not apply here.

. As part of its holding in Ex parte City of Birmingham, this Court ruled that, where a municipality is sued, proper venue is in the county in which the seat of municipal government was located. The legislature subsequently enacted § 6-3-11, Ala.Code 1975, that defines the appropriate venue in such cases, superseding that part of the ruling in Ex parte City of Birmingham. See Ex parte City of Haleyville, 827 So.2d 778, 782 (Ala. 2002).