Petition for a writ of mandamus to the Honorable William P. Powers, Judge of the Twenty-Ninth Judicial Circuit (Talladega County), filed by Terry Lamb, to require Judge Powers to recognize a plea to the venue in an action filed in Talladega County.
The petition arose out of an action filed by Michael W. Tighe, Executor of the Estate of Roy O. Darby, Sr., deceased. Darby died in Columbia, South Carolina on February 28, 1978. On July 18, 1980 Darby's executor filed an action in Talladega County against Terry Lamb. That action contained seven counts. Count One alleged that Darby had purchased a certain tract of Talladega County land from its then-owner, Land Investors of America, for the sum of $80,000.00. Terry Lamb, it continued, wished to own a one-half interest in this land, but instead of executing a purchase money note and mortgage, Terry Lamb conspired with Jack Lamb and James H. Kidd to defraud Darby, or Jack Lamb and James H. Kidd either through mistake or with intent to defraud Darby, procured a deed conveying the said Talladega land to Darby and Terry Lamb jointly. Terry Lamb, it alleged, paid no consideration for his interest in the land and refused to execute the mortgage and note securing that interest to Darby. That count asked for relief in the form of reformation of the deed or the impressment of a lien on Terry's one-half interest, plus interest from the date of the deed.
Counts Two through Six claimed damages for Terry Lamb's failure to pay certain promissory notes executed by Lamb and delivered to Darby.
Count Seven claimed damages on an account stated.
On July 30, 1980, Terry Lamb filed a plea to the venue of the executor's action, alleging that he "now is and [was] at all times in which the matters alleged in the complaint are claimed to have happened a resident citizen of Marshall County . . ." and moved that the cause be transferred to that county. After the defendant filed a jury demand, that plea to venue was denied by the Circuit Court of Talladega County; however that Court did grant a severance of Count One from the others. Terry Lamb then filed this petition.
The basic question presented is whether a resident of one county may be required to defend an action "involving" land located in another county and filed in that other county. Our legislative enactments are the primary guideposts for the venue of actions. Code of 1975, § 6-3-2 (b)(1) provides: *Page 388 
 (b) In proceedings of an equitable nature against individuals:
 (1) All actions where real estate is the subject matter of the action, whether it is the exclusive subject matter of the action or not, must be commenced in the county where the same or a material portion thereof is situated.
There can be no doubt that Count One was a proceeding of an equitable nature, praying for relief from mistake (seeSpringdale Gayfer's Store Co. v. D.H. Holmes Co., 281 Ala. 267,201 So.2d 855 (1967)), fraud (Cf. C.E. Development Co. v.Kitchens, 288 Ala. 660, 264 So.2d 510 (1972)), and reformation(Folmar v. Lehman-Durr Co., 147 Ala. 472, 41 So. 750 (1906)). The "subject matter" referred to means the nature of the cause of action and of the relief sought. Clark v. Sanders, 267 Ala. 674, 103 So.2d 370 (1958). The nature of the cause of action and of the relief sought in Count One were to effect a change in the title to the land in question. Therefore, the subject matter of Count One, though not the exclusive matter, was real estate and properly commenced in Talladega County where the land was located.
Does the defendant, nevertheless, have the right to a change of venue to Marshall County for the trial of Counts Two through Seven? That question has been resolved by Rule 82, ARCP, which has been cited with approval by this Court, e.g., MedicalService Administration v. Dickerson, Ala., 362 So.2d 906
(1978). Subdivision (c) of that Rule is applicable to these facts:
 Where several claims . . . have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. . . .
The Committee Comments on Subdivision (c) discussed the effect of the Rule:
 These results provide for a more liberal joinder of claims and of parties than has hitherto been possible in Alabama. These joinder provisions will be greatly restricted if venue must be proper as to every claim . . . which is joined, and authorization of liberalized joinder having been contemplated by the enabling act, such restriction is not considered to have been intended by the legislature. The correct principle seems to be that once venue is properly laid, other claims . . . may be joined as ancillary to the original action regardless of venue requirements. [Citations omitted.] [Emphasis added.]
The severance of Counts Two through Seven from Count One can have no effect upon the venue of those claims. Severance, permitted under Rule 42 (b), ARCP, gives the trial court the discretion to order separate trials of claims on the basis of convenience, or to avoid confusion of the issues or prejudices. The mere grant of severance does not indicate a move for a change of venue since it does not change one lawsuit into many. See Committee Comments, Rule 42 (b), ARCP, where it is stated:
 Separate trials are not to be granted merely because the matters involved would have been tried separately before the rules were adopted, or because some of the parties might prefer separate trials. It is the interest of efficient judicial administration which is to be considered, rather than the wishes of the parties. [Citation omitted.]
It follows that the venue of the action was properly laid in Talladega County, and thus the petitioner has shown no error in the trial court to his injury. Ex parte Slade, Ala.,382 So.2d 1127 (1980). Accordingly the writ must be, and is, denied.
WRIT DENIED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 389