BEATTY, Justice.
Petitioners, plaintiffs below, seek a writ of mandamus directed to the Honorable C.W. Callaway, Jr., seeking to have Judge Callaway withdraw and vacate his order transferring this case from the Jefferson Circuit Court to the Shelby Circuit Court. The writ is denied.
Plaintiffs, all of whom reside in Shelby County, brought this action in Jefferson County against a number of people in their individual, official, and corporate capacities. A number of public and private corporations were also named as defendants. Some of these defendants are foreign corporations, while others are domestic corporations. Some of the foreign corporations and some of the domestic corporations do business in Jefferson County. Some of the individual defendants reside in Jefferson County, and others reside in Shelby County.
The plaintiffs’ action is described in their petition as follows:
“On May 8, 1986, the Plaintiffs filed a law suit against the Defendants seeking damages for the loss in value of their properties. The Plaintiffs allege various and diverse theories of causation and of recovery, however, in principal part, they seek recovery due to the negligence of the Defendants, which said negligence combined and concurred to cause the damage to their properties. Additionally, the Plaintiffs claim that such negligence has caused them to suffer distress and mental anguish. The Plaintiffs seek this relief on the law side of the Court. However, the Complaint also alleges that the Defendants, by their acts of negligent conduct, have created a nuisance and/or committed acts of trespass. To the extent that the Plaintiffs allege these theories, they seek damages therefor and injunctions thereof [sic]. The injunctive relief is sought for the primary purpose of preventing the occurrence of further damage to their property values, i.e. basically to mitigate their damages. To the extent that the Plaintiffs seek this in-junctive relief, the complaint sounds in equity, however, it is essentially asking for assistance in the mitigation of damages.”
After plaintiffs’ complaint and certain pleadings of the defendants were filed, the trial court, following a management conference, ordered that interrogatories be propounded on the issue of venue. The answers to these interogatories established that all plaintiffs reside in Shelby County, that all land involved in the action lies in Shelby County, that some of the individual defendants reside in Jefferson County, and that some of the foreign and domestic corporate defendants conduct business in Jefferson County.
Following a hearing on defendants’ motion to transfer, the trial court made certain findings, which are not contested by plaintiff and which we here quote:
“The plaintiffs aver that on or about March 16, 1986, there appeared a sinkhole near real property owned by the various plaintiffs in Shelby County. The thrust of the plaintiffs’ allegations appears to be that the sinkhole was caused by the drilling and operating of a water well in the surrounding area where the plaintiffs reside, and this disturbed the underground water table, so as to adversely affect the aquifer and consequently the surface lands in that proximity.
“Among other things, the plaintiffs claim that the defendants have created a nuisance causing irreparable injury to the plaintiffs’ property and seek to enjoin an alleged nuisance.
“The plaintiffs claim various culpable acts by the defendants and allege that such acts ‘have impaired plaintiffs’ comfort, health, and enjoyment of their real *224 property,’ causing the plaintiffs to ‘suffer distress and mental anguish as a result of the damage to and diminution in value of their real property....’
“The plaintiffs are seeking relief on the ‘law side’ of the court but to the extent that the complaint seeks injunc-tive relief, their complaint sounds in equity. The subject matter of the complaint is real estate, though possibly not exclusively.”
The trial court then found that through their complaint plaintiffs were seeking to protect their interest in, investment in, and their use and enjoyment of, their homes and real property located in Shelby County, and held that the proper venue of the action was the situs of the land, i.e., Shelby County. In accord with that finding, the trial court transferred the case to Shelby County.
Plaintiffs, however, rely upon Code of 1975, § 6-3-7, and Rule 82(c), A.R.Civ.P., in order to fix venue in Jefferson County, viz.:
§ 6-3-7: “A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff’s residence.”
Rule 82(c): “Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22, and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties.”
The trial court, however, relied on Code of 1975, § 63-2(b)(l); Rule 82(b)(1)(B), A.R. Civ.P.; and Ex parte Clardy, 460 So.2d 1273 (Ala.1984), in fixing venue. We agree with the trial court’s decision.
Code of 1975, § 6-3-2(b)(l), states:
“(b) In proceedings of an equitable nature against individuals:
“(1) All actions where real estate is the subject matter of. the action, whether it is the exclusive subject matter of the action or not, must be commenced in the county where the same or a material portion thereof is situated.”
Rule 82(b)(1)(B) states:
“(b) Venue of actions shall not be affected by these rules except as the statute for venue for actions against individuals at law (Tit. 7, § 54 [, Code 1940]) and the statute for venue for actions against individuals in equity (Tit. 7, § 294 [, Code 1940]) are inconsistent. Such inconsistencies are resolved as follows:
“(1) Actions against an individual or individuals having a permanent residence in this state:

a

“(B) Must, if the subject matter of the action is real estate, whether or not exclusively, or if it is for the recovery or the possession thereof or trespass thereto, be brought in the county where the real estate or a material portion thereof is situated.”
In Ex parte Clardy, supra, plaintiffs who owned land in Elmore County filed a complaint in Montgomery County against certain individuals and a corporation who were farming adjacent land. Plaintiffs’ complaint contained counts in trespass and nuisance and also prayed for injunctive relief. On motion, the case was transferred to Elmore County under the authority of Code of 1975, § 6-3-2, quoted above, this Court observing:
“We find that the nature of petitioners’ complaint and of the relief sought is to protect petitioners’ interest in the use and enjoyment of their land located in Elmore County. Therefore, the subject matter of the Clardys’ complaint, al *225 though not exclusively, is real estate, Accordingly, the proper venue for this action is the situs of the property in question, Elmore County. § 6-3-2(b)(l), Code of 1975.”
460 So.2d at 1275.
The language of § 6-3-7 — “A foreign corporation may be sued in any county in which it does business by agent_”— does not permit venue to be established in one county when the lawsuit’s subject matter is real estate located, or substantially located, in another county, and the relief claimed is of an “equitable” nature. The venue of such a proceeding is governed by § 6-3-2(b)(l). Ex parte Lamb, 400 So.2d 386 (Ala.1981).
The writ is denied.
WRIT DENIED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.