STEAGALL, Justice.
John E. Pratt and Laura Rebecca Pratt petition this Court for a writ of mandamus to the Honorable Marvin Cherner, Judge of the Tenth Judicial Circuit, directing him to sever a claim against them in an action filed in Jefferson County and to transfer that claim to Bibb County. The writ is granted.
The Pratts were joined as parties respondent in a proceeding brought by the present co-administrators of the estate of Tommy E. Wesson to require an accounting and final settlement of the administration of Judy Holliday Wesson, who was formerly the administratrix of the estate of Tommy E. Wesson. In their “Amended Petition for Final Settlement of Administration of Judy Holliday Wesson,” filed on October 27, 1986, the co-administrators alleged that at the time of his death, Tommy E. Wesson owned certain real property located in Bibb County, which was described in the amended petition. The following allegations pertaining to the Bibb County property were included in the amended petition:
“7. On or about March 6, 1981, Judy Holliday Wesson sold the above property without obtaining court authorization and executed a deed purporting to convey the above described real property to Hugh Edmonds Realty Company, Inc.
... Said conveyance was a fraud upon the estate.
“8. On or about March 7, 1981, Hugh Edmonds Realty Company, Inc., conveyed the above described real property to the co-respondents, John E. Pratt and Laura Rebecca Pratt. The respondents thereafter entered upon the land and continue to unlawfully withhold and detain same.
“9. Said property remains property of the Estate of Tommy E. Wesson for that the conveyance from Judy Holliday Wesson was ineffective to transfer title. As the result of these acts of Judy Holliday Wesson, the estate has been caused to incur additional expenses in clearing title to the above real property which charges and expenses are additional claims against Judy Holliday Wesson and her surety United States Fidelity and Guaranty Company.”
In addition to requesting the trial court to enter judgment against the former adminis-tratrix and her surety for loss of estate assets, the amended petition also sought the following relief:
“d) That this Court will enter judgment declaring the conveyance by Judy H. Wesson of the above described property to have been void and of no effect, and further to declare that respondents John E. Pratt and Laura Rebecca Pratt have no right, title or interest in said property.
“e) That the Court will order that respondents John E. Pratt and Laura Rebecca Pratt pay to the Estate of Tommy E. Wesson mesne profits and such damages for waste or other injury to the land as the estate may be entitled.”
On November 17,1986, the Pratts filed a motion to sever and for change of venue of the claim against them, alleging that the claim against them was for recovery of real property located in Bibb County, and that under Code 1975, § 6-3-2(b)(l), venue was proper only in Bibb County. The trial court overruled the Pratts’ motion, characterizing the claim asserted against the Pratts as “a part of the action by the administrators [of the estate] of Tommy E. Wesson for an accounting and final settlement with respect to all of the acts of Judy Holliday Wesson while she was administra-trix of said estate.” The Pratts then filed this petition for writ of mandamus, pending the disposition of which this Court has stayed all proceedings in this case.
In determining whether venue is proper in a particular case, we look to statutory *949 provisions as the “primary guideposts.” Ex parte Lamb, 400 So.2d 386, 387 (Ala.1981). Code 1975, § 6-3-2(b)(l), states:
“(b) In proceedings of an equitable nature against individuals:
“(1) All actions where real estate is the subject matter of the action, whether it is the exclusive subject matter of the action or not, must be commenced in the county where the same or a material portion thereof is situated.”
The proceeding against the Pratts sounds in equity to the extent that the relief sought is a declaration that the conveyance of the Bibb County property by the former administratrix was void and of no effect and that the Pratts have no right, title, or interest in the property. The “subject matter” referred to in § 6-3-2(b)(l) relates to the nature of the cause of action and of the relief sought. Ex parte Clardy, 460 So.2d 1273 (Ala.1984); Ex parte Lamb, supra; Alabama Youth Services Board v. Ellis, 350 So.2d 405 (Ala.1977). The nature of the complaint and of the relief sought against the Pratts involves a determination of the validity of the conveyance of the Bibb County property, which in turn is determinative of the title to the property. We hold, therefore, that the subject matter of the action against the Pratts is real estate. Under § 6-3-2(b)(l), such an action must be commenced where the land is situated, which in this case is in Bibb County.
The venue of the claim against the Pratts is proper only in Bibb County. The Pratts’ right to relief is clear, and thus the writ of mandamus is granted. See Ex parte Slade, 382 So.2d 1127 (Ala.1980).
WRIT GRANTED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.