ALMON, Justice.
Y.E. Travis, individually and as general partner in Boat Storage, Ltd., and Boat Storage, Ltd. (“Boat Storage”), a limited partnership, are defendants in a lawsuit filed in Tallapoosa Circuit Court. They petition this Court for a writ of mandamus directing the Honorable Howard F. Bryan, judge of the Fifth Judicial Circuit, to vacate his order denying Travis and Boat Storage’s motions to transfer the lawsuit from Tallapoosa County to Elmore County.
T.B. Davis Contractors, Inc. (“Davis”), contracted with Boat Storage to build a boat storage facility on land abutting Lake Martin and located in Elmore County. Boat Storage leases that land from Alabama Power Company. After the storage facility was completed, a dispute arose between Davis and Boat Storage concerning the quality of Davis’s workmanship and whether the facility had been completed in accordance with the terms of the contract. As a result of that dispute, Boat Storage refused to pay the balance owed to Davis under the contract. Davis sued Travis individually and in his capacity as general partner in Boat Storage, and he also sued Boat Storage. Davis’s complaint alleged breach of contract and intentional interference with business relationships and sought the value of work and labor done and the en *282 forcement of a mechanic’s lien pursuant to Ala.Code 1975, § 35-11-212.
Davis’s complaint was filed in Tallapoosa Circuit Court. The action was originally assigned to Judge James Avary of the Fifth Judicial Circuit. Travis and Boat Storage filed a motion with Judge Avary requesting that the action be transferred to Elmore County — the county where Travis resided and the county where the land on which the boat storage facility was built is located. Judge Avary denied that motion. However, it appears that Judge Avary indicated that he would reconsider that denial if additional evidence supporting the motion was presented. Judge Bryan later replaced Judge Avary, and Judge Bryan reviewed a new motion for transfer filed by Travis and Boat Storage, along with additional affidavits. He also denied their motion for transfer.
The parties to this petition have presented a great deal of argument concerning whether a limited partnership should be treated as an individual or as a corporation for venue purposes. However, for the reasons set out below, that issue is not disposi-tive and will not be addressed.
As stated earlier, Davis’s complaint named Travis as a defendant both individually and in his capacity as the general partner of Boat Storage. The claims asserted by Davis included a claim seeking to enforce a mechanic’s lien, filed pursuant to Ala.Code 1975, § 35-11-212, against the boat storage facility and the property upon which it is situated. When the subject matter of the action is real estate, venue for actions against resident individuals is governed by Ala.Code 1975, § 6 — 3—2(b)(1) and Rule 82(b)(1)(B), Ala.R.Civ.P. Section 6-3-2 provides as follows:
“(b) In proceedings of an equitable nature [1] against individuals:
“(1) All actions where real estate is the subject matter of the action, whether it is the exclusive subject matter of the action or not, must be commenced in the county where the same or a material portion thereof is situated.”
(Emphasis added.)
Rule 82 broadens this principle by doing away, for venue purposes, with the distinction between legal and equitable actions concerning real estate:
“(b) Venue of actions. Venue of actions shall not be affected by these rules except as the statute for venue for actions against individuals at law ([Ala.Code 1975, § 6 — 3—2(a) ]) and the statute for venue for actions against individuals in equity ([Ala.Code 1975, § 6 — 3—2(b)]), are inconsistent. Such inconsistencies are resolved as follows:
“(1) AGAINST RESIDENT INDIVIDUALS. Actions against an individual or individuals having a permanent residence in this state:
[[Image here]]
“(B) Must, if the subject matter of the action is real estate, whether or not exclusively, or if it is for recovery or the possession thereof or trespass thereto, be brought in the county where the real estate or a material portion thereof is situated.”
Rule 82(b)(1)(B) (emphasis added).
The language of both the rule and the statute is mandatory. A judge’s failure to follow their mandate would be an abuse of discretion. This Court is aware of what might appear to be an inconsistency between the mandatory language of § 6 — 3—2(b)(1) and Rule 82(b)(1)(B), on the one hand, and the “liberal joinder” provision of Rule 82(c), on the other. However, both the statute and the rule are unambiguous. Actions concerning real estate must be brought in the county where the real estate, or a material portion thereof, is located, “whether it is the exclusive subject matter of the action or not.” Ala.Code 1975, § 6 — 3—2(b)(1).
*283 Because venue for Davis’s mechanic’s lien claim against Travis as an individual was appropriate only in Elmore County, the trial court abused its discretion by denying Travis and Boat Storage’s motions for transfer. The petition for writ of mandamus is therefore granted, and the court is ordered to vacate its orders denying the motions for transfer, and to transfer the pending lawsuit to Elmore County.
WRIT GRANTED.
MADDOX, JONES, ADAMS and STEAGALL, JJ., concur.

. Actions for the enforcement of statutory mechanic’s liens are in the nature of an equitable remedy. Justice v. Arab Lumber & Supply, Inc., 533 So.2d 538, 546 (Ala.1988).