ADAMS, Justice.
John S. and Helen H. Taylor, husband and wife, petition this Court for a writ of mandamus ordering Judge Robert E.L. Key to set aside his transfer of their case from Mobile County to Baldwin County. We deny the writ.
The facts relevant to the present action are as follows:
In April 1988, Mr. and Mrs. Taylor inquired into an advertisement in the Mobile Press Register offering for sale condominium units at Loma Alta Towers. The advertisement represented that 65% of the condominiums in phase one had been pre-sold. Based on the information contained in the advertisement, the Taylors purchased two condominium units at a total purchase price of approximately $400,000. The Taylors allege that they later discovered that only about one-half of the units represented as presold had actually been sold.
On July 7, 1990, the Taylors filed suit in the Circuit Court of Mobile County against Loma Alta Towers, Inc.; Breland Homes, Inc.; Breland Builders, Inc.; Breland Realty, Inc.; Charles Breland; and Jane Bre-land Vaughn. In their 20-count complaint, the Taylors alleged fraud, breach of contract, and breach of warranty in the sale of the two units. They further alleged that there were numerous defects in, and problems with, the units. The Taylors seek to recover money damages for mental anguish and emotional distress and to have the contract for the sale of the two condominium units rescinded. When the Taylors filed suit, it appeared that Jane Vaughn Breland resided in Mobile County and that the other named defendants resided in Baldwin County. On August 15,1990, Bre-land Homes, Inc., Breland Builders, Inc., Breland Realty, Inc., Charles Breland, and Jane Breland Vaughn filed a motion to change venue pursuant to Rules 12(b) and 82(b)(1)(B), A.R.Civ.P. The defendants contended that the subject matter of the Tay-lors’ suit was real estate located in Baldwin County, and, therefore, that venue was proper only where the real estate was located. On August 24, 1990, Loma Alta Towers, Inc., also filed a motion to transfer to Baldwin County, citing the same grounds asserted by the other defendants in their motion. After arguments were heard, the trial judge granted the defendants’ motions to transfer to Baldwin County. The Taylors now seek a writ of mandamus directing that the transfer be set aside.
In support of their petition, the Taylors advance three arguments: (1) that pursuant to Rule 82(b)(1)(A), an action may be brought where any material defendant resides and, because Jane Breland Vaughn resides in Mobile County, venue is proper there; (2) that pursuant to Ala.Code 1975, § 6-3-7, a domestic corporation may be sued in any county where it is doing business, but when that corporation is sued jointly with an individual associated with the corporation and who participated in the alleged fraud, venue in the county of the individual’s residence is proper; and (3) that where venue is proper in two or more counties, the plaintiff has the option to *1303 choose in which county to proceed, and that decision will not be disturbed.
In addressing the merits of the Taylors’ arguments, we begin our analysis with the essential question of the subject matter of the Taylors’ action and what relief they are seeking. The Taylors argue that they are not seeking equitable relief and that the subject matter of their suit is not real estate, but, rather, that their suit is personal in nature, seeking legal damages against domestic corporations and resident individuals, and, thus, they argue, they may bring their action in Mobile County pursuant to Ala.Code 1975, § 6-3-7, and Rule 82(b)(1)(A), Ala.R.Civ.P.
The Taylors argue that the subject matter of their action is not real estate because they are not seeking the recovery of, or the possession of, land, or damages for a trespass on land. This action, they argue, is merely an action based on fraud and breach of contract. However, the mere fact that the Taylors do not seek recovery or possession of land or damages for trespass is not solely determinative of the subject matter of their suit. The subject matter of an action “relates to the nature of the cause of action and the relief sought.” Ex parte Pratt, 514 So.2d 947, 949 (Ala.1987). In this case, it is clear from a reading of the complaint that the subject matter of the Taylors’ claims, while not exclusively, is, in fact, the Baldwin County real estate. The Taylors are seeking to have the contract for the sale of the real estate rescinded. Moreover, the Tay-lors’ allegations of fraud and breach of contract relate to the advertisement, sale, and condition of the premises of the Baldwin County condominium. Therefore, we conclude that the subject matter of the Taylors’ complaint is real estate, and, therefore, according to Rule 82(b)(1)(B), that venue is proper only in Baldwin County, where the real estate is situated. Rule 82(b)(1)(B), which sets out the venue rules in actions against resident individuals, provides:
“(1) AGAINST RESIDENT INDIVIDUALS. Actions against an individual or individuals having a permanent residence in this state:
[[Image here]]
“(B) Must, if the subject matter of the action is real estate, whether or not exclusively, or if it is for recovery or the possession thereof or trespass thereto, be brought in the county where the real estate or a material portion thereof is situated.”
The Taylors also argue that the relief they are seeking is legal, not equitable, in nature, because they are seeking money damages. They argue that the mere fact that they seek rescission of the contract does not extinguish the personal nature of the action for fraud and breach of contract. We disagree. In each of the 20 counts of the Taylors’ complaint they seek to have the contract for the sale of the condominium rescinded. Although the Taylors’ complaint, in form, seeks legal remedies for breach of contract and fraud, the substance of their complaint is equitable. We recognize that the Taylors’ complaint does not seek equitable relief exclusively, and that it does state claims for legal damages. However, to the extent that the Taylors’ complaint seeks equitable relief, their complaint sounds in equity. Because we have determined that the actual subject matter of the complaint is the Baldwin County real estate and that the Taylors are seeking equitable relief, although not exclusively, Ala.Code 1975, § 6-3-2(b)(l), is controlling. Section 6-3-2(b)(l) provides:
“(b) In proceedings of an equitable nature against individuals:
“(1) All actions where real estate is the subject matter of the action, whether it is the exclusive subject matter of the action or not, must be commenced in the county where the same or a material portion thereof is situated.”
Read together, Rule 82(b)(1)(B) and § 6-3-2(b)(1) clearly require that venue in the present action, seeking equitable relief and with real estate as its subject matter, is proper only in Baldwin County.
*1304 Ex parte Cannon, 508 So.2d 222 (Ala.1987), dealt with a similar situation where the plaintiffs brought an action in Jefferson County seeking both equitable and legal remedies in connection with real estate situated in Shelby County. The trial court found that while the plaintiffs sought legal remedies, to the extent that their complaint sought equitable relief their complaint sounded in equity. The trial court, relying on § 6 — 3—2(b)(1) and Rule 82(b)(1)(B), transferred the case to Shelby County, where the land was situated. In denying the plaintiffs’ petition for writ of mandamus seeking to set aside the trial court’s transfer of venue, this Court held:
“The language of § 6-8-7 — ‘A foreign corporation may be sued in any county in which it does business by agent_’— does not permit venue to be established in one county when the lawsuit’s subject matter is real estate located, or substantially located in another county, and the relief claimed is of an ‘equitable’ nature. The venue of such a proceeding is governed by § 6-3-2(b)(l).”
Cannon, 508 So.2d at 225. See also Ex parte Pratt, 514 So.2d 947 (Ala.1987); Ex parte Clardy, 460 So.2d 1273 (Ala.1984); Ex parte Lamb, 400 So.2d 386 (Ala.1981).
In the present case, the Taylors’ complaint against both resident individuals and domestic corporations seeks legal and equitable relief. Furthermore, the underlying subject matter of their action, while not exclusively, is the real estate situated in Baldwin County. Under the analysis set forth in Cannon, venue is governed by Ala.Code 1975, § 6-3-2(b)(l), and by Rule 82(b)(1)(B). Therefore, venue is appropriate in Baldwin County, where the real estate is situated, and the trial court’s transfer of the case to Baldwin County was proper.
The Taylors’ final argument in support of their petition is that when venue is proper in two or more counties, the plaintiff has the option of choosing in which county to proceed, and that once that choice has been made, it will not be disturbed. This argument, however, has a basic flaw. Venue in this case is not proper in two or more counties. From the foregoing analysis, it is obvious that venue is proper only in Baldwin County, the situs of the real estate.
For the foregoing reasons, the petition for a writ of mandamus is denied.
WRIT DENIED.
ALMON, STEAGALL, KENNEDY and INGRAM, JJ., concur.