In the Shelby County Circuit Court, John R. Ambrose, Jr., and Jarrell Ambrose Taylor, brother and sister (the plaintiffs), sued their uncle Ehney A. Ambrose (the defendant) for a declaratory judgment, an accounting, negligence, wantonness, breach of fiduciary duty, conversion, and fraudulent suppression. The gravamens of the plaintiffs' claims are the defendant's alleged acts and omissions as a partner and fiduciary in a partnership previously formed to manage certain family real property in Shelby County ("the Alabaster property") now owned by the plaintiffs and the defendant as tenants in common. Upon the defendant's motion challenging venue, the Shelby County Circuit Court transferred the case to the Calhoun County Circuit Court. The plaintiffs petition this Court for a writ of mandamus directing the Shelby County Circuit Court judge to vacate his order transferring the plaintiffs' action to the Calhoun County Circuit Court. We deny the petition.
Count One of the complaint demands, in pertinent part, "(A) . . . a declaration that the partnership formed for the management of the Alabaster property still exists; (B) [t]hat [the plaintiffs] are partners in said partnership; [and] (C) [t]hat the monies transferred from the partnership account into a personal account belong to the partnership. . . ." Count Two seeks an accounting "for the management of the property, profits received or losses incurred."
Count Three and Count Four, respectively, claim against the defendant for negligently and wantonly breaching his "duty to the Plaintiffs to provide them with full information of the partnership and/or full information regarding the management of property" and breaching his "duty to refrain from self-dealing in partnership funds in the handling of partnership monies." Similarly, Count Five claims against the defendant for breaching his "duty of loyalty and a duty of care to the Plaintiffs to provide an accounting to them, to refrain from self-dealing in partnership funds, and to refrain from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law." *Page 808 
Count Six claims against the defendant for conversion in that he "exercised unauthorized control and dominion over partnership assets and/or monies and converted said assets and/or monies to his own use and benefit." Finally Count Seven claims against the defendant for fraudulent suppression in that he breached his "duty to the Plaintiffs to communicate material facts concerning the existence of a partnership, the existence of partnership assets and to provide them with partnership tax returns. . . ."
What the plaintiffs' complaint does not allege or claim is particularly important to the resolution of the venue issue in this case. The complaint does not allege or claim that the Alabaster property belongs to the partnership, as distinguished from the parties individually. The complaint does not in any way challenge the defendant's interest in or title to the Alabaster property. Nor does the complaint seek to establish the plaintiffs' own interest in or title to the Alabaster property. Rather, the complaint complains only about the defendant's performance or non-performance as a partner and fiduciary in the partnership formed tomanage the Alabaster property.
The defendant promptly moved to transfer venue to the Calhoun County Circuit Court on the ground that the acts or omissions allegedly committed or allowed by the defendant occurred in Calhoun County, where the defendant resides. The defendant submitted an affidavit stating:
 "Every action I have taken with regard to the Plaintiffs, their father or mother and with regard to any of the business affairs referred to in the Complaint in this case was done here in Calhoun County, Alabama. All of my dealings with the Plaintiffs or their father or mother took place or originated in Calhoun County, Alabama.
 "All of my personal bank accounts were and are located here in Calhoun County, Alabama.
 "The account I used to prepare the K-1 statements referred to in paragraph 7 of the Complaint is located here in Calhoun county, Alabama and all of these K-1 statements were mailed to one or both of the Plaintiffs or their parent[s], or to their attorney, from Calhoun County, Alabama."
(Petition, Exhibit 4.) The plaintiffs did not contradict this affidavit or submit any affidavit of their own.
A few days after the defendant filed his motion to transfer the plaintiffs' suit from the Shelby County Circuit Court, he filed his own suit in the Shelby County Circuit Court for partition of the Alabaster property or for a sale of the property and a division of the proceeds among the co-owners. The plaintiffs moved to consolidate the two actions in the Shelby County Circuit Court. No ruling on the motion to consolidate and no ruling entered in the defendant's suit for partition or sale for division is presently before us.
The only issue before this Court is whether the trial court erred in transferring the plaintiffs' action from the Shelby County Circuit Court to the Calhoun County Circuit Court. The plaintiffs argue that venue is proper only in Shelby County because it is the situs of the Alabaster property, which, the plaintiffs claim, is the subject matter of their complaint and the defendant's subsequent suit for partition or sale for division. They argue also that their inclusion of equitable claims "relating to the real estate" limits proper venue to Shelby County, where the real estate is located. In support of their arguments, the plaintiffs cite § 6-3-2(b), Ala. Code 1975, and Rule 82(b), Ala.R.Civ.P.
Section 6-3-2 provides: *Page 809 
 "(a) In proceedings of a legal nature against individuals:
 "(1) All actions for the recovery of land, or for the possession thereof or for a trespass thereto must be commenced in the county where the land or a material part thereof lies.
 "(2) All actions on contracts, except as may be otherwise provided, must be commenced in the county in which the defendant or one of the defendants resides if such defendant has within the state a permanent residence.
 "(3) All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred.
 "(b) In proceedings of an equitable nature against individuals:
 "(1) All actions where real estate is the subject matter of the action, whether it is the exclusive subject matter of the action or not, must be commenced in the county where the same or a material portion thereof is situated.
 "(2) If the action is to enjoin proceedings on judgments in other courts, it may be commenced in the county in which such proceedings are pending or judgment entered.
 "(3) Except as may be otherwise provided, actions must be commenced in the county in which the defendant or a material defendant resides.
". . . ."
(Emphasis added.) See also Rule 82, Ala.R.Civ.P., which governs venue of actions only when the application of § 6-3-2(a) and § 6-3-2(b) to claims for legal and equitable relief produces inconsistent venues.
While Alabama rule and statute provide that, where real estate is thesubject matter of an action, venue is proper in the county where the real estate is located, Alabama courts have recognized also that
 "`[a]n allegation that "one of the parties owns real estate, or has substantial rights in real estate which are dependent upon the settlement of the controversy, is not enough to make real estate the `subject matter' of the suit." Alabama Youth Services Board v. Ellis, 350 So.2d 405, 408 (Ala. 1977).'"
Ex parte AU Hotel, Ltd., 677 So.2d 1160, 1162 (1996) (quoting Exparte Diamond, 596 So.2d 423, 425 (Ala. 1992)).
 "This court has held that the term `subject matter,' as it is used in our venue statutes and rules, `refers to the nature of the cause of action and the nature of the relief sought.' Ex parte Jim Walter Homes, Inc., 712 So.2d 733, 736 (Ala. 1998). This Court has held that real property is not the subject matter of a personal-injury action seeking damages or injunctive relief in regard to claims arising from a real-estate transaction. See id. at 737 (holding that real estate was not the subject matter of the action where the plaintiffs sought to recover damages for negligence and fraud in connection with a land transaction); Ex parte AU Hotel, Ltd., 677 So.2d 1160, 1163 (Ala. 1996) (holding that real estate was not the subject matter of the action where the plaintiff sought to recover damages for fraud and civil conspiracy, based on representations made in connection with a land transaction). If a complaint does not allege damage or harm to real estate or seek to affect the title to real estate, then real estate is not the subject matter of the action. See Ex parte AU Hotel, Ltd., 677 So.2d at 1163." *Page 810 
Ex parte Nichols, 757 So.2d 374, 377 (Ala. 1999) (emphasis added).
Further, in Ex parte Wilson, 706 So.2d 1151 (Ala. 1997), this Court addressed the proper venue for claims concerning partnership agreements and partnership affairs and quoted § 6 of 77 Am. Jur. 2d,Partnership (1975), entitled "Venue in Actions Involving Partnerships," which states:
 "An action for the dissolution of a partnership and the settlement of its affairs, or for a partnership accounting, is usually regarded as a transitory action; therefore, the venue of such an action is ordinarily determined by the residence of the parties rather than by the location of the partnership assets of the situs of its operations."
See also 68 C.J.S. Partnership § 412 p. 935 (1950) ("The proper venue of an equity action for the dissolution and settlement of a partnership is generally determined by the residence of the parties, and not by the locality of the firm assets, even when these include real estate.").
Accordingly, the criteria for venue in Shelby County do not exist in this case. Because the "complaint does not allege damage or harm to real estate or seek to affect the title to real estate, . . . [the] real estate is not the subject matter of the action." Ex parte Nichols, 757 So.2d at 377. Thus the subject-matter criterion of neither §6-3-2(b)(1) nor Rule 82(b)(1)(B) is satisfied for venue in Shelby County. Likewise, because the plaintiffs do not sue "for the recovery of land, or for the possession thereof or for a trespass thereto," that criterion of § 6-3-2(a)(1) and of Rule 82(b)(1)(B) is not satisfied for venue in Shelby County. Rather, because the defendant resides in Calhoun County and the gravamen acts or omissions occurred in Calhoun County, this contract or "other personal" action meets the criteria for venue in Calhoun County under § 6-3-2(a)(2) and (a)(3), §6-3-2(b)(3), and Rule 82(b)(1)(A).
Although the plaintiffs also argue that the proper venue of their action should remain in Shelby County because the venue of the defendant's action for partition or sale for division of the real estate is proper in Shelby County, the proper venue for the subsequent action filed by the defendant does not control where venue lies in the case before us. "When ruling on a motion to transfer venue, the trial court must determine whether venue was proper at the time the action was filed." Ex parte Canady, 563 So.2d 1024, 1025 (Ala. 1990). At the time the plaintiffs filed their complaint, venue for their action was, and remains, proper in Calhoun County and improper in Shelby County.
Therefore, the trial court properly transferred the plaintiffs' action to Calhoun County. Accordingly, we deny the plaintiffs' petition for a writ of mandamus.
WRIT DENIED.
Moore, C.J., and Houston, See, Lyons, Brown, Harwood, Woodall, and Stuart, JJ., concur.