Rel: January 12, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

## SC-2023-0278

_____

## Ex parte Richard Mullen and Cheryl Mullen

## PETITION FOR WRIT OF MANDAMUS

## (In re: Karl Leo and Fay Leo

## v.

## Richard L. Mullen and Cheryl C. Mullen)

## (Jefferson Circuit Court: CV-22-902788)

BRYAN, Justice.

Richard Mullen and Cheryl Mullen petition this Court for a writ of mandamus directing the Jefferson Circuit Court to transfer this action to

the Walker Circuit Court. For the reasons explained below, we grant the Mullens' petition and issue the writ.

Background

In 2018, the Mullens purchased a parcel of real property located in Walker County ("the property") and, thereafter, constructed a residence on the property. In 2021, the Mullens sold the property to Karl Leo and Fay Leo for $2.25 million.

In September 2022, the Leos commenced this action against the Mullens and fictitiously named defendants in the Jefferson Circuit Court by filing a verified complaint; the Mullens resided in Jefferson County at that time. In summary, the Leos averred that the Mullens were not licensed homebuilders and that, within months of purchasing the property, the Leos had discovered several latent defects in the residence, including an inadequate and improperly installed climate-control system, improper construction of a retaining wall and chimney, and insufficient drainage. The Leos averred that they had asked the Mullens to cure the alleged defects but that the Mullens had declined to do so. The Leos asserted the following claims: breach of contract, breach of the implied warranty of habitability, fraud, negligence, and fraudulent

2

suppression. In their "demand for relief," the Leos requested awards of compensatory and punitive damages and "such other and further relief to which they may be entitled in law or in equity."

The Mullens filed a motion to dismiss the Leos' complaint or, alternatively, to transfer the action to the Walker Circuit Court. The Mullens asserted that Walker County is the proper venue for this action because the property is located there and, alternatively, that Walker County is a significantly more convenient forum. On March 13, 2023, the Jefferson Circuit Court denied the Mullens' motion, determining that venue is proper in Jefferson County. The Mullens then filed their mandamus petition.

## Standard of Review

"Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."

Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995).

"'A trial court's denial of a motion to transfer based on improper venue is reviewable by a petition for writ of mandamus, and "such a petition is due to be granted if the petitioner makes a clear showing of error on the part of the

trial court." Ex parte Alabama Power Co., 640 So. 2d 921, 922 (Ala. 1994).'"

Ex parte Thomasville Feed & Seed, Inc., 74 So. 3d 940, 942 (Ala. 2011)(quoting Ex parte Burr & Forman, LLP, 5 So. 3d 557, 565 (Ala. 2008)).

## Analysis

The Mullens assert two arguments in their petition. First, they argue that the only proper venue for this action is Walker County because that is where the property is located and because the Leos have requested equitable relief in their complaint. Alternatively, the Mullens argue that, even if Jefferson County is a proper venue, the action should nevertheless be transferred to Walker County pursuant to the doctrine of forum non conveniens. For the reasons explained below, we conclude that the Mullens' first argument is dispositive; therefore, we express no opinion regarding their second argument.

As noted, the Mullens first argue that the only proper venue for this action is Walker County because that is where the property is situated and because, in the "demand for relief," the Leos' complaint requested awards of compensatory and punitive damages and "such other and further relief to which they may be entitled in law or in equity."

4

(Emphasis added.)  The Mullens cite § 6-3-2, Ala. Code 1975, and Rule

82(b), Ala. R. Civ. P.  Section 6-3-2 provides:

> "(a) In proceedings of a legal nature against individuals:
>
> > "(1) All actions for the recovery of land, of the possession thereof, or for a trespass thereto must be commenced in the county where the land or a material part thereof lies.
> >
> > "(2) All actions on contracts, except as may be otherwise provided, must be commenced in the county in which the defendant or one of the defendants resides if such defendant has within the state a permanent residence.
> >
> > "(3) All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred.
>
> "(b) In proceedings of an equitable nature against individuals:
>
> > "(1) All actions where real estate is the subject matter of the action, whether it is the exclusive subject matter of the action or not, must be commenced in the county where the same or a material portion thereof is situated.
> >
> > "(2) If the action is to enjoin proceedings on judgments in other courts, it may be commenced in the county in which such proceedings are pending or judgment entered.

"(3) Except as may be otherwise provided, actions must be commenced in the county in which the defendant or a material defendant resides.

"(4) In the case of nonresidents, actions must be commenced in the county where the subject of the action or any portion of the same was when the claim arose or the act on which the action is founded was to be performed."

Section 6-1-1(b), Ala. Code 1975, states: "The adoption of the 1975 Code of Alabama shall not repeal, alter, amend, or modify any rule governing civil procedure heretofore promulgated by the Supreme Court of Alabama." Section 6-1-2, Ala. Code 1975, states: "Any provisions of this title regulating procedure shall apply only if the procedure is not governed by the Alabama Rules of Civil Procedure, the Alabama Rules of Appellate Procedure, or any other rule of practice and procedure as may be adopted by the Supreme Court of Alabama."

The Alabama Rules of Civil Procedure became effective in 1973. See Rule 86, Ala. R. Civ. P.; Phillips v. D. & J. Enters., 292 Ala. 31, 288 So. 2d 137 (1973). Rule 82(b) provides, in pertinent part:

"(b) Venue of Actions. Venue of actions shall not be affected by these rules except as the statute for venue for actions against individuals at law (§ 6-3-2(a)) and the statute for venue for actions against individuals in equity (§ 6-3-2(b)) are inconsistent. Such inconsistencies are resolved as follows:

6

"(1) <u>Against Resident Individuals</u>. Actions against an individual or individuals having a permanent residence in this state:

"(A) Must be brought in the county where the defendant or any material defendant resides at the commencement of the action, except that if the action is a personal action other than an action on a contract, it may be brought either in the county where the act or omission complained of occurred, or in the county of the permanent residence of the defendant or one of them;

"(B) Must, if the subject matter of the action is real estate, whether or not exclusively, or if it is for recovery or the possession thereof or trespass thereto, be brought in the county where the real estate or a material portion thereof is situated."

The Committee Comments on the 1973 Adoption of Rule 82 state, in pertinent part:

"Subdivision (b). It is not possible to preserve unchanged existing Alabama law as to venue. The general venue statute dealing with actions at law, Code 1940, Tit. 7, § 54[, now codified at § 6-3-2(a)], differs from the venue statute covering suits in equity, Code 1940, Tit. 7, § 294[, now codified at § 6-3-2(b)]. Since law and equity are merged by these rules, it is necessary to provide one rule as to venue which will resolve such differences. This subdivision is intended to have that effect. The two statutes have been reconciled, and the more liberal provision as to venue in any particular situation

has been incorporated into this rule. Of course, this Rule 82(b) applies only to individuals, not corporations or other entities unless multiple claims against parties are involved. See Rule 82(c).

"....

"Clause (B) incorporates provisions of both venue statutes as they apply to specific actions involving land."

Frequently, in determining whether the location of real property dictates the venue of a particular action, this Court has discussed § 6-3-2(b)(1) and considered both whether the proceeding at issue was of an equitable nature and whether the subject matter of the action was the real estate involved. See, e.g., Ex parte Pratt, 514 So. 2d 947 (Ala. 1987); Ex parte Cannon, 508 So. 2d 222 (Ala. 1987); Ex party Clardy, 460 So. 2d 1273 (Ala. 1984); and Ex parte Lamb, 400 So. 2d 386 (Ala. 1981).

However, in Ex parte Travis, 573 So. 2d 281 (Ala. 1990), the Court considered § 6-3-2 and Rule 82(b)(1)(B) together. After quoting from § 6-3-2(b)(1), the Court stated that "Rule 82 broadens this principle by doing away, for venue purposes, with the distinction between legal and equitable actions concerning real estate ...." 573 So. 2d at 282 (emphasis added). Somewhat confusingly, however, the Court's decision in Ex parte Travis still pointed out that the action at issue there sought equitable

8

relief. 573 So. 2d at 282 n.1. To further add to this confusion, cases that the Court decided in the subsequent two years also continued to consider both whether the subject matter of the action at issue was real estate and whether the action involved equitable relief when applying § 6-3-2 and Rule 82(b)(1)(B). See Ex parte Diamond, 596 So. 2d 423 (Ala. 1992); and Ex parte Taylor, 583 So. 2d 1301 (Ala. 1991).

Later, in Ex parte Ambrose, 813 So. 2d 806 (Ala. 2001), the Court again considered § 6-3-2(b)(1) and Rule 82(b)(1)(B) together. In so doing, the Court stated: "Rule 82, Ala. R. Civ. P., … governs venue of actions only when the application of § 6-3-2(a) and § 6-3-2(b) to claims for legal and equitable relief produces inconsistent venues." 813 So. 2d at 809 (emphasis added). This statement was in accord with prior pronouncements of the Court. See Ex parte Lashley, 596 So. 2d 890, 892 (Ala. 1992)("Although there are cases that appear to apply provisions of Rule 82 as if Rule 82 were an independent statement of venue, Rule 82 applies only when there is an inconsistency between the legal and equitable provisions of the venue statute. Rule 82(b), Ala. R. Civ. P." (footnotes omitted)).

In light of the foregoing history, we take this opportunity to clarify the proper standard for evaluating whether the location of particular real property dictates the venue of an action involving that property asserted against resident individuals. Pursuant to §§ 6-1-1(b) and 6-1-2, we conclude that Rule 82(b)(1)(B) governs that issue. As the Committee Comments on the 1973 Adoption of Rule 82 make clear, Rule 82(b)(1)(B) was intended to incorporate the pertinent provisions of the predecessor statutes to § 6-3-2(a) and § 6-3-2(b) to provide a uniform rule to govern venue for "specific actions involving land." As noted above, Rule 82(b)(1)(B) provides, in relevant part:

> "(1) <u>Against Resident Individuals</u>. Actions against an individual or individuals having a permanent residence in this state:
>
> > "....
> >
> > "(B) Must, if the subject matter of the action is real estate, whether or not exclusively, or if it is for recovery or the possession thereof or trespass thereto, be brought in the county where the real estate or a material portion thereof is situated."

Under the clear language of Rule 82(b)(1)(B), application of that rule does not depend on whether the action at issue involves legal or equitable claims. Instead, venue is dictated by Rule 82(b)(1)(B) "if the

subject matter of the action is real estate, whether or not exclusively, or if it is for recovery or the possession thereof or trespass thereto."  It is undisputed that the Leos' action does not involve a request for recovery or possession of the property, nor does the action involve trespass to the property.  Thus, the remaining question is whether "the subject matter of the action is real estate, whether or not exclusively."  See id.

As explained above, the pertinent language of Rule 82(b)(1)(B) is derived from the predecessor statutes to § 6-3-2.  The phrase "subject matter" first appeared in one such statute in § 3760 of the Alabama Code of 1876.  This Court has explained that " '[w]ords used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.' "  Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen, 714 So. 2d 293, 296 (Ala. 1998)(quoting IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So. 2d 344, 346 (Ala. 1992)).

The first edition of Black's Law Dictionary was published in 1891.  At that time, Black's Law Dictionary defined "subject matter" as: "The thing in controversy, or the matter spoken or written about."  Black's Law Dictionary 1130 (1st ed. 1891).  At the time Rule 82(b)(1)(B) was adopted

11

in 1973, Black's Law Dictionary defined "subject matter" as: "The subject, or matter presented for consideration; the thing in dispute; the right which one party claims as against another .... Nature of cause of action, and of relief sought." Black's Law Dictionary 1594 (Rev. 4th ed. 1968). The current edition of Black's Law Dictionary defines "subject matter" as: "The issue presented for consideration; the thing in which a right or duty has been asserted; the thing in dispute." Black's Law Dictionary 1723 (11th ed. 2019).

The parties cite several of this Court's decisions considering whether the subject matter of particular actions was real property. The Mullens rely primarily on this Court's decision in Ex parte Taylor, supra. For their part, the Leos cite Ex parte Nichols, 757 So. 2d 374, 377 (Ala. 1999), and Ex parte AU Hotel, Ltd., 677 So. 2d 1160 (Ala. 1996). We consider each decision in turn.

In Ex parte Taylor, the plaintiffs alleged that the defendants had committed breach of contract, fraud, and breach of warranty in the sale of two condominium units located in Baldwin County. "They further alleged that there were numerous defects in, and problems with, the units." 583 So. 2d at 1302. The plaintiffs sought "to recover money

damages for mental anguish and emotional distress and to have the contract for the sale of the two condominium units rescinded." Id.

In considering whether the Baldwin County property was the subject matter of the action, the Court reasoned as follows:

"The [plaintiffs] argue that the subject matter of their action is not real estate because they are not seeking the recovery of, or the possession of, land, or damages for a trespass on land. This action, they argue, is merely an action based on fraud and breach of contract. However, the mere fact that the [plaintiffs] do not seek recovery or possession of land or damages for trespass is not solely determinative of the subject matter of their suit. The subject matter of an action 'relates to the nature of the cause of action and the relief sought.' Ex parte Pratt, 514 So. 2d 947, 949 (Ala. 1987). In this case, it is clear from a reading of the complaint that the subject matter of the [plaintiffs]' claims, while not exclusively, is, in fact, the Baldwin County real estate. The [plaintiffs] are seeking to have the contract for the sale of the real estate rescinded. Moreover, the [plaintiffs]' allegations of fraud and breach of contract relate to the advertisement, sale, and condition of the premises of the Baldwin County condominium. Therefore, we conclude that the subject matter of the [plaintiffs]' complaint is real estate, and, therefore, according to Rule 82(b)(1)(B), that venue is proper only in Baldwin County, where the real estate is situated."

583 So. 2d at 1303.

In Ex parte AU Hotel, the plaintiffs, AU Hotel, Ltd., and one of its partners, operated a hotel located on Auburn University's campus in Lee County under a sublease agreement with the City of Auburn. Under a

13

sublease with AU Hotel, Ltd., Auburn University operated a conference center in the same location. The sublease agreement between AU Hotel, Ltd., and Auburn University "required Auburn University to 'use its best efforts to publicize the availability of the services provided by the hotel' in connection with its 'publicizing events to be conducted at the conference center.'" 677 So. 2d at 1161. A dispute arose implicating the foregoing provision, and the plaintiffs sued Auburn University and its former president in the Covington Circuit Court seeking "'rescission of the agreements entered into between the parties' and a judgment requiring Auburn University specifically to perform the agreement to 'use its best efforts to publicize the availability of the services provided by the hotel.'" Id. The Covington Circuit Court transferred the action to the Lee Circuit Court.

This Court concluded that venue was not proper in Lee County. In so doing, the Court decided that the hotel and conference center were not the subject matter of action. The Court reasoned as follows:

> "'A "transitory" action is one [that] could have arisen anywhere.' Ex parte City of Birmingham, 507 So. 2d 471, 473

14

(Ala. 1987).[1]  By contrast, an action having real estate as its 'subject matter' is an example of a 'local action,' that is, one that 'could only have arisen in the particular locality where it did arise.' Id. …

"… '[C]ontract actions are generally considered transitory even where damage to real property is involved.' Ex parte Teledyne Exploration, 436 So. 2d 880, 882 (Ala. 1983)(emphasis added)."

677 So. 2d at 1162.

In Ex parte Nichols, the plaintiff corporation had purchased a funeral business from the defendants and subsequently sued the defendants in the Jefferson Circuit Court.  The defendants then sued the plaintiff in the Winston Circuit Court and moved to have the plaintiff's action transferred there.  In relevant part, this Court analyzed the venue issue as follows:

"The [defendants] argue that the subject matter of [the plaintiff]'s action is real estate because the action seeks enforcement of a contract that involved the sale of real estate. …

"[The plaintiff]'s complaint does not allege any damage or harm to real estate, nor does it seek to affect title to any real estate. …  [The plaintiff] asserts that the 'real property' it says the [defendants] failed to deliver in 'good working order' is a lease.  This Court has held that a lease is not to be

_____

[1]"At common law a defendant could be sued in a transitory action anywhere he could be served …." Ex parte City of Birmingham, 507 So. 2d 471, 473 (Ala. 1987).

15

considered 'real estate' for purposes of applying venue rules. See <u>AU Hotel, Ltd.</u>, 677 So. 2d at 1162. [The plaintiff]'s complaint seeks injunctive relief and damages. It does not, however, seek to affect title to any real estate. Thus, even though [the plaintiff]'s claims arise from transactions that involved the transfer of real estate, we must conclude that real estate is not the 'subject matter' of the action. Venue in Jefferson County is not, therefore, improper under Rule 82(b)(1)(B)."

757 So. 2d at 377.

After considering the foregoing precedent, we agree with the Mullens that the circumstances of the present action are more like those of <u>Ex parte Taylor</u> than those of <u>Ex parte Nichols</u> or <u>Ex parte AU Hotel</u>, and we conclude that the property at issue in this case is the "subject matter" of the Leos' action within the meaning of Rule 82(b)(1)(B). Although the Leos do not appear to seek rescission of the contract for the sale of the property at issue in this case like the plaintiffs did in <u>Ex parte Taylor</u>, the gravamen of the Leos' complaint is that the Mullens improperly designed and constructed the residence located on the property and sold it to the Leos in an uninhabitable condition by making false advertisements and representations concerning the condition of the residence. In both respects, the Leos' action is similar to the action at issue in <u>Ex parte Taylor</u>, in which the plaintiffs' "allegations of fraud and

16

breach of contract relate[d] to the advertisement, sale, and condition of the premises of the … condominium."  583 So. 2d at 1303.

In particular, we note that the Leos averred that the Mullens "had a duty to exercise reasonable care by properly designing and constructing the [Leos]' home in a good and workmanlike manner free from defects. [The Mullens] breached their duty to exercise reasonable care by [im]properly designing and constructing the [Leos]' home."  The Leos also averred that, "[i]n entering into the contract for the purchase of the [p]roperty, [the Mullens] made certain materially false representations to the [Leos], including but not limited to advertisements and representations that the home was new as well as representations that the home was free from known and latent defects."

Thus, "[t]he thing[s] in controversy" in this case are the condition of the residence located on the property and the Mullens' representations regarding that condition.  See Black's Law Dictionary 1130 (1st ed. 1891).  Moreover, the condition of the residence and the Mullens' related conduct are the "matter[s] presented for consideration [and] the thing[s] in dispute."  See Black's Law Dictionary 1594 (Rev. 4th ed. 1968).  The rights asserted by the Leos against the Mullens are reasonable care in

17

the design and construction of the residence and true representations concerning the condition of the residence. See id. Correspondingly, the residence is "the thing in which a … duty has been asserted," considering that the Leos averred that the Mullens had "a duty to exercise reasonable care by properly designing and constructing the [Leos]' home in a good and workmanlike manner free from defects." See Black's Law Dictionary 1723 (11th ed. 2019). Therefore, we conclude that, in also considering the historical plain meaning of the phrase "subject matter," as used in the context of Rule 82(b)(1)(B), the property is the subject matter of the Leos' action against the Mullens.

Ex parte AU Hotel and Ex parte Nichols are materially distinguishable. Each of those cases involved a dispute over a lease agreement. The present action does not involve a lease agreement. We acknowledge the Ex parte AU Hotel Court's statement that "'[c]ontract actions are generally considered transitory even where damage to real property is involved.'" 677 So. 2d at 1162 (citation omitted). As noted above, the Leos' complaint includes a breach-of-contract claim, averring that the Mullens had agreed to sell the Leos "a new-build residence that was habitable and constructed in a good and workmanlike manner free

18

from defects."  Assuming, without deciding, that the principle from <u>Ex parte AU Hotel</u> quoted above would be applicable to the Leos' breach-of-contract claim and that venue for that claim would be proper in Jefferson County under that principle, Rule 82(b)(1)(B) clearly requires that actions "[m]ust, if the subject matter of the action is real estate, <u>whether or not exclusively</u>, … be brought in the county where the real estate or a material portion thereof is situated."  (Emphasis added.)

In considering § 6-3-2(b)(1) and Rule 82(b)(1)(B), the Court stated the following in <u>Ex parte Travis</u>:

"The language of both the rule and the statute is mandatory.  A judge's failure to follow their mandate would be an abuse of discretion.  This Court is aware of what might appear to be an inconsistency between the mandatory language of § 6-3-2(b)(1) and Rule 82(b)(1)(B), on the one hand, and the 'liberal joinder' provision of Rule 82(c),[2] on the other.  However, both the statute and the rule are unambiguous.  Actions concerning real estate <u>must</u> be brought in the county where the real estate, or a material portion thereof, is located, 'whether it is the exclusive subject matter of the action or not.'  Ala. Code 1975, § 6-3-2(b)(1)."

573 So. 2d at 282.

---

[2]In relevant part, Rule 82(c), Ala. R. Civ. P., provides: "Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought."

19

As detailed above, the subject matter of the Leos' complaint is clearly the property. Therefore, even assuming, without deciding, that Jefferson County would be a proper venue for the Leos' breach-of-contract claim if that claim were asserted alone, the inclusion of that claim within the Leos' complaint does not affect the requirement of Rule 82(b)(1)(B) that this action be brought in the Walker Circuit Court.

## Conclusion

The Mullens have demonstrated that the property they sold the Leos in Walker County is the "subject matter" of this action within the meaning of Rule 82(b)(1)(B). Consequently, the Jefferson Circuit Court clearly exceeded its discretion by denying the Mullens' motion to transfer this action to the Walker Circuit Court. Therefore, the Mullens' petition for the writ of mandamus is granted, and the Jefferson Circuit Court is hereby directed to vacate its order denying the Mullens' motion to transfer the action and to enter an order transferring the action to the Walker Circuit Court.

PETITION GRANTED; WRIT ISSUED.

Parker, C.J., and Shaw, Wise, Sellers, Mendheim, Stewart, Mitchell, and Cook, JJ., concur.